## Powers v. Wiebe, Appellant.

*Automobiles—Collisions—Street intersections—Automobile approaching from the right—Right of way.*

In an action to recover damages for injuries resulting from a collision between two automobiles, a verdict for the plaintiff will be reversed where the evidence established that the machines approached a street intersection at the same time, and that the plaintiff coming from the left failed to yield the right of way to the defendant's car.

As provided by the Act of 1919, when two vehicles approach an intersection of two public highways at the same time, the vehicle approaching from the right has the right of way. Where it was admitted that the cars were moving about twelve miles an hour and the collision occurred in mid-afternoon on a July day, without any extraneous circumstances to prevent the control of the plaintiff's car, the disregard of the statute, and the obligation existing without a statute to control the car at the intersection of the streets, is sufficient to prevent a recovery.

Argued November 12, 1924. Appeal No. 194, October T., 1924, by defendant, from judgment of Municipal Court of Philadelphia County, July T., 1923, No. 1100, in the case of William T. Powers v. William Wiebe. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for injuries to automobile. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $365.64, and entered judgment thereon. Defendant appealed.

*Errors assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*George H. Detweiler,* for appellant.

*Jacob Weinstein* and with him *Joseph J. Fischer* and *Martin Silvert,* for appellee.

OPINION BY HENDERSON, J., October 6, 1925:

This case grows out of the same facts which were under consideration in the case of William Wiebe v. William T. Powers, in which an opinion has been this day handed down. A collision occurred between automobiles of the respective parties at the intersection of Rhawn Street and Bustleton Pike. The defendant was driving westwardly on Rhawn Street and a son of the plaintiff was driving the latter's car northwardly on Bustleton Pike. The cars collided at the intersection; each of them was damaged, and the defendant was seriously hurt. The case was tried before the judge without a jury and a finding was made in favor of the plaintiff. This was apparently based on the conclusion that the defendant was guilty of negligence; but consideration was not given to the fact that he had the right of way as against the plaintiff's car, if the cars arrived at the intersection at about the same time. The Act of June 30, 1919, P. L. 678, and the amendment of June 14th, 1923, P. L. 718, provide that when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way. It was not sufficient therefore to determine that the defendant

was negligent for the evidence shows that the driver of the plaintiff's car was also negligent. That the cars arrived at the intersection at substantially the same time is, we think, not open to controversy and on that state of facts it was the duty of the driver of the car at the left to give the driver at the right an unobstructed passage. That the car of the defendant was seen by the plaintiff's driver in time to permit the latter to stop his car is evident. No effort was made to do that. It was admitted that it was moving at about twelve miles an hour when the cars came together. The collision was in mid-afternoon on a July day without any entangling conditions to prevent the control of the plaintiff's car. There was a disregard therefore of the statute and of the obligation existing without a statute to so control a car at the intersection of streets that it can be promptly stopped to avoid collision. We are of the opinion therefore that the neglect of the driver of the plaintiff's car to check its progress at the time was such negligence as prevents a recovery.

The judgment is reversed and is now entered for defendant.