Fortune v. Dolfinger et al., Appellant.

546

Argued October 8, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Charles E. Kenworthy,* for appellant.

*John D. McMullin,* for appellee.

Opinion by Linn, J., January 29, 1930:

Plaintiff has judgment for damage to his automobile sustained in a collision with a horse and wagon at 16th and Christian Streets, Philadelphia, at about four o'clock in the afternoon of May 28; the day was clear

and there was no other traffic in the streets obstructing the view. We assume the negligence of the defendant. But we also think that the contributory negligence of the plaintiff appears in his own evidence. He had parked his car on Christian Street along the right curb, headed eastward, and "about 15 feet possibly from the corner of the intersection of 16th Street," by which, he said, he meant the "curb line" of 16th Street. The 16th Street sidewalk was "about 12 feet" wide. On the corner was a church. We therefore understand that by moving forward a very short distance—7 or 8 feet—he would have an unobstructed view of 16th Street to the right, in the direction from which defendant's horse and wagon was travelling northward toward Christian Street.

He states that he entered his car and started forward "in low gear, naturally slow." He did not see the approaching horse and wagon until he "got out into the street" (16th Street); that then the horse and wagon were galloping at a "teriffic speed" and crashed into the right side of his automobile, doing the damage complained of. As to the position of his car when struck, he said "after he came into me it was about the centre of the street ......" 16th Street being 25 to 30 feet wide according to his evidence. His account states his contributory negligence; there is no other evidence in the record describing the occurrence except that by an eye-witness called by defendant who tells a story damaging to the plaintiff, but which, for that reason, we do not consider in disposing of this appeal. As he had ample opportunity before he put his car into the course of the approaching horse, to see its approach, if he had looked, when it was his duty to do so, or, if he looked at the proper time, to stop his car if under proper control at a street intersection, he cannot be said to have exercised that care which the law expects of the prudent man in the circum-

548

stances: see generally Frank v. Pleet, 87 Pa. Superior Ct. 494; Brayman v. De Wolf, 97 Pa. Superior Ct. 225; Powers v. Wiebe, 86 Pa. Superior Ct. 392, 394.

Judgment reversed and now entered for defendant.