# Weber *v.* Greenebaum, Appellant.

*Negligence — Automobiles — Right-angled collision between — Duties of chauffeur at crossing—Rule of the road—Act of June 30, 1919, P. L. 678.*

1. The provision in the Act of June 30, 1919, P. L. 678, that "when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way," means that where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing, and thus, in all probability, avoid a collision.

2. Where the driver of an automobile when some five feet from a crossing, sees another machine 135 to 150 feet away, approaching from the right, and he starts across at the rate of four miles an hour, and his machine is struck well towards its rear before the crossing is cleared, the case is for the jury, and a verdict and judgment in his favor will be sustained.

Argued March 21, 1921. Appeal, No. 271, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1919, No. 1907, on verdict for plaintiff, in case of William A. Weber v. Simon Greenebaum. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries.  Before BARRATT, P. J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,215.  Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Francis Chapman,* for appellant, cited: Patton v. Traction Co., 132 Pa. 76.

*J. Morris Yeakle,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 2, 1921:

On December 5, 1919, between 5:30 and 5:45 p. m., plaintiff was driving his automobile east on Callowhill Street, approaching 21st Street; at the same time, defendant was driving his automobile north on 21st Street toward Callowhill.  When plaintiff's machine was some five feet from the crossing, he saw defendant about 135, or possibly 150, feet away, approaching from the right; with this knowledge, plaintiff started to cross the intersection, going at the rate of four miles an hour, and was struck, well toward the rear of his car, by defendant's automobile, before he, plaintiff, had cleared the crossing. Plaintiff's car was turned over, and he received severe injuries.  There was no direct evidence as to the speed of defendant's machine.  A verdict was rendered for plaintiff, on which judgment was entered, and defendant has appealed.

Appellant contends that, since he was on plaintiff's right (although nearly half a square away), the latter, according to the governing rule of the road, should not have proceeded across 21st Street until he, defendant, had passed; and that, under the circumstances, he was not negligent.

The trial judge charged the jury in substance that, if they believed the testimony for plaintiff, they would be justified in finding he was not negligent and defendant was, unless something about the latter's operation of his car would warn a reasonably careful man defendant was not driving properly; that plaintiff was not required to wait on an automobile approaching from the distance the evidence showed defendant's car to be; that the Act of June 30, 1919, P. L. 678, 695, which provides "When two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way," must be given a reasonable and practical application, and it was still the law that one arriving at the intersection, a substantial distance in advance of another, was entitled to proceed, irrespective of the right or left rule; that, if defendant was not negligent, according to the standard thus set, they should find for him; that, if defendant was negligent and plaintiff also was negligent, their verdict should be for the former; and that only in case defendant alone was negligent should they find for plaintiff. These instructions present a proper statement of the law governing the facts involved, and the binding directions contended for by defendant would have been improper.

The trial judge did not misconstrue the statute when he said specifically, "The act means that, when two vehicles are approaching in the sense that they both are in the process of coming near to an intersection so that they [will] reach it about the same time, the one approaching from the left must wait until the one approaching from the right has had an opportunity to pass the intersection in safety so far as the movements of the left one are concerned. It is [still] the law [however] that when one vehicle [actually] reaches an intersection of streets ["substantially in advance of one approaching from the right"], it has the right of way over the other vehicle coming toward the intersection, but not yet ar-

rived, and this without reference to right or left approach."

.The evil which the legislature desired to guard against was liability to collisions at crossings. The law already provided a guide where one vehicle arrived at an intersection well in advance of another, which was coming toward it, by giving the first vehicle the right of way (Simon v. Lit, 264 Pa. 121, 123); but it furnished no established rule when two vehicles approached, or drew near to, the intersection "at the same time," so that in all probability they would arrive together, and, if one did not give way, a collision would ensue. It was to provide a rule to govern this oft-recurring contingency that the act was passed; and it means simply that, where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision. The trial judge's instructions are in substantial accord with this interpretation of the statutory rule.

It must be assumed that the framers of the statute and the legislature used the word "approach" in a practical sense; so for two vehicles to "approach" an intersection "at the same time," they each, when about to arrive, must be approximately a like distance away from the given point, or this situation must exist at least to such an extent that one, using reasonable judgment, might anticipate their simultaneous arrival, otherwise they would not, in the words of the act "approach the intersection......at the same time." Thus the words of the act and consideration of the conditions sought to be remedied justify the construction which we give to the statute. When, however, the above indicated situation does exist, then the language of the New York court in Brillinger v. Ozias, 186 N. Y. 221, cited by appellant, to the effect that the driver approaching from the left "has an affirmative duty to keep out of the other's way, and

this requires him to slow, to stop and, if need be, to reverse, if otherwise the crossing vehicles are likely to come into contact," applies.

In the second case cited by appellant, Ward v. Clark, 189 N. Y. App. 344, 346, the court plainly says: "If the Hudson car [the one on the right] had been far enough away, so that a person, in the exercise of reasonable care and prudence, would have been justified in believing that he could safely pass over the intersection ahead of the Hudson car without danger of a collision, the driver of the Ford car [on the left] would have been blameless."

The trial judge very carefully left the credibility of the witnesses to the jury, and the latter, if they believed those on plaintiff's side, which the verdict shows they did, could not properly have acquitted defendant of negligence. As suggested in appellee's paper-book, defendant had a plain view of plaintiff's car, for there were no obstructions; he had a thirty-three foot wide street to maneuver in, and no other vehicles to interfere with him; he struck the tail end of plaintiff's car, when all but three feet of it had passed the street, with such force as to upset it, although heavily loaded; he then ran twenty-five feet before stopping. Irrespective of the speed at which defendant approached the intersection, all the attending facts indicate that he failed to have his car under that high degree of care required of one about to negotiate a crossing (Arnold v. McKelvey, 253 Pa. 324, 327; Virgilio v. Walker, 254 Pa. 241, 245; Anderson v. Wood, 264 Pa. 98, 99, 100; Schweitzer v. Quaker C. B. Co., 269 Pa. 291, 293); and thus the accident happened.

We have discussed all the points called to our attention by appellant's statement of questions involved; the assignments of error which go to these matters are overruled, the others are dismissed.

The judgment is affirmed.