## Wiebe v. Powers, Appellant.

*Automobiles—Collision at street intersection—Case for jury.*

In an action of trespass to recover damages resulting from the collision of two automobiles, the case is for the jury, and a verdict for the plaintiff will be sustained, where the issue is one of fact as to the manner in which the automobiles were operated, and the respective time at which they reached the street intersection.

Where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless he is so far in advance of the other as to afford reasonable time to clear the crossing, and thus in all probability avoid a collision. Where the cars arrive at the intersection at practically the same time, the driver approaching from the left is not permitted to take the dangerous chance of crossing in front of a car at his right, and in every case it is his duty to have his car under such control that it can be promptly stopped, if necessary, to avoid contact with a car crossing his line of travel.

Where the evidence showed that the cars in the collision reached the intersection at substantially the same time, and the jury has found on sufficient evidence that the plaintiff's car was there first, and that the car of the defendant was not controlled under the circumstances with due regard to the requirement of the statute or the duty resting on the driver, irrespective of the statute, a verdict in favor of the plaintiff will be sustained.

Argued November 12, 1924. Appeal No. 193, October T., 1924, by defendant, from judgment of C. P. No. 1, Philadelphia County, September T., 1923. No. 5087, in the case of William Wiebe v. William T. Powers. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to automobile. Before McDevitt, J.

390 . WIEBE *v.* POWERS, Appel.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1650.00 and judgment thereon.

Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*John V. Horan,* of *Smithers, Lank & Horan,* for appellant.

*Raymond A. White, Jr.,* and with him *Maurice A. Sloan,* for appellee.

OPINION BY HENDERSON, J., October 6, 1925:

This action arose out of a collision between two automobiles at the intersection of Rhawn Street and Bustleton Pike in the middle of the afternoon of July 12, 1923. The plaintiff was driving a Ford sedan westwardly on Rhawn Street and a son of the defendant was driving a Nash car northwardly on Bustleton Pike. The plaintiff's view to the left as he approached the Pike was obstructed by a bank and some bushes as was the view of the driver of the defendant's car to the right. It was claimed by the plaintiff that he was first at the intersection and the same claim was made by the driver of the defendant's car. There was evidence supporting the claim of each of the parties. The trial judge submitted to the jury the question whether evidence of the plaintiff and his witnesses or that of the defendant and his witnesses was the more credible in view of the position and condition of the cars after the accident, with the further instruction that if the plaintiff was first at the crossing he had the right of way, but if on the contrary the driver of the defendant's car was first there, it was the duty of the plaintiff to so control his car that a collision would not

occur. The verdict of the jury settles the question as to the relative position of the cars and this verdict is supported by evidence. The Act of June 30, 1919, P. L. 678, and the amendment of June 14, 1923, P. L. 718, provide that when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way. The statute thus regulates the traffic at crossings and by the method stated attempts to prevent such accidents as we are now considering. It was not in contemplation of the lawmakers that there should be a nice ascertainment of the exact position of the cars approaching the crossing. The rule adopted was intended to be a workable one to be reasonably applied. Two cars may approach a crossing on intersecting lines and one be so far in advance of the other that the driver thus in advance may reasonably conclude he can pass the intersection point before the other car arrives. The driver at the left must control his car to permit that at the right to make the crossing unless the car at the left is so far in advance of the other as to give a reasonable assurance of safety in making the crossing. The statute was thus construed in Weber v. Greenebaum, 270 Pa. 385, "where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision." Where the cars arrive at the intersection at practically the same time, the driver approaching from the left is not permitted to take the dangerous chance of crossing in front of a car at his right unless it is reasonably clear that his passage is open and in every case it is his duty to have his car under such control that it can be promptly stopped if necessary to avoid contact with a car crossing his line of travel. An examination of the evidence shows that the cars in the collision reached the intersection at substantially

the same time and the jury has found that the plaintiff's car was there first. It is apparent that the car of the defendant was not controlled under the circumstances with due regard to the requirement of the statute or the duty resting on the driver irrespective of the statute. The facts having been found by the jury against the defendant on convincing evidence of negligence, no reason is presented which warrants the reversing of the judgment. It is therefore affirmed.