## Frank et al., Appellants, *v.* Pleet et al.

*Negligence—Automobiles—Collision at street intersection—Contributory negligence—Non-suit.*

In an action of trespass to recover damages for personal injuries sustained in a collision between two automobiles at a right angle street intersection, a non-suit was properly entered, where it appeared that the plaintiff, as he approached the intersection, saw defendant's automobile 50 or 60 feet away, approaching from his right at a speed of 25 or 30 miles an hour, and that plaintiff was struck when but partly across the intersection.

A person using the public highway, or crossing a railway track, must use reasonable care by the exercise of his senses to prevent

his own injury and, if he fails to do so, the consequences must fall upon him, although the negligent act of another caused his injury.

While it is the law that, when one vehicle reaches an intersection of streets substantially in advance of one approaching from the right, it has the right of way over the other vehicle and must be given an opportunity to cross the intersecting street, the former may not proceed to cross in front of the latter if, in all probability, a collision will result.

The superior right of the one who was first at an intersection does not relieve him from his duty to use reasonable care under the circumstances to avoid a collision. It is as much his duty to use due care to avoid a collision, if the driver of another vehicle is negligent, as it is if the other driver was not negligent.

Argued November 10, 1925. Appeal No. 79, October T., 1925, by plaintiff, from order of M. C. Philadelphia County, No. 846, March T., 1924, in the case of Samuel Frank, by his father and next friend, Isaac Frank, and Isaac Frank, in his own right, v. Abraham Pleet and Herbert . Pleet, co-partners, trading as Yorkshire Worsted Mills. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover for personal injuries. Before RENSHAW, J.

The facts are stated in the opinion of the Superior Court.

The court granted defendant's motion for a compulsory non-suit. Plaintiff appealed.

*Error assigned* was the refusal of plaintiff's motion to take off non-suit.

*Joseph J. Fischer,* and with him *Martin Silvert* and *Jacob Weinstein,* for appellants.—The non-suit was improperly entered: Virgilio v. Walker, 254 Pa. 241; Jester v. R. R. Co., 267 Pa. 10; Jones v. Bland, 116 Pa. 190; Martinez v. Earnshaw, 143 Pa. 479; Bollinger v. Greenaway, 83 Pa. Superior Ct. 217.

*George C. Klauder,* for appellee.—The non-suit was properly entered: Weber v. Greenebaum, 270 Pa. 382,

385; Lewis v. Wood, 247 Pa. 545, 550; Frankel v. Norris, 252 Pa. 14; Mehler v. Doyle et al., 271 Pa. 492, 495.

OPINION BY GAWTHROP, J., February 26, 1926:

Appellants assign for error the action of the court below in refusing their motion to take off a non-suit. The action is for damages for injuries sustained in a right angle collision at a street crossing. Viewed in the light most favorable to plaintiffs, the evidence warrants the following statement of facts: On December 14, 1923, about 7:15 P. M., the plaintiff, Samuel Frank, who was eighteen years of age, was driving the automobile of his father, the other plaintiff, northwestwardly on Ridge Avenue, a street thirty feet wide between the curb lines; at the same time defendant was driving his automobile southwestwardly on Sedgley Avenue, a thirty foot street, which intersects Ridge Avenue at a right angle. The night was clear and the streets were dry. When plaintiff reached the house line of Sedgley Avenue, he slowed his automobile down to a speed of five or six miles an hour, sounded his horn, looked to the right and to the left, and saw defendant's automobile about fifty or sixty feet away, approaching from the right at a speed of twenty-five or thirty miles an hour. With this knowledge, plaintiff started to cross the intersection, going at the rate of six miles an hour and increased his speed to ten miles an hour, and was struck, well toward the rear of his car, by defendant's automobile, when his front wheels had passed the north curb line of Sedgley Avenue, and received personal injuries. He testified that in crossing the street he did not proceed faster than ten miles an hour, and that at that speed he could stop his machine within three or four feet. Under these facts the learned trial judge thought that the contributory negligence of the driver of the car was a bar to plaintiff's recovery.

Appellants contend that the question of contributory negligence was for the jury; that as their automobile reached the intersection in advance of defendant's, they had superior rights over defendant, and that they had the right to proceed irrespective of the right and left rule. That plaintiffs had superior rights at the corner over the truck in this respect may be conceded, but in our view the evidence does not place him in a position to stand upon those rights. While it is the law that when one vehicle reaches an intersection of streets substantially in advance of one approaching from the right, it has the right of way over the other vehicle (Weber v. Greenebaum, 270 Pa. 382), and must be given an opportunity to cross the intersecting street (Simon v. Lit Bros., Inc., 264 Pa. 121, 123), the former may not proceed to cross in front of the latter if in all probability a collision will result. The superior right of the one who is first at an intersection does not relieve him from his duty to use reasonable care under the circumstances to avoid a collision. It is as much his duty to use due care to avoid a collision, if the driver of the other vehicle is negligent, as it is if the other driver was not negligent: Mehler v. Doyle, 271 Pa. 492, 495. A person using a public highway or crossing a railway track must use reasonable care by the exercise of his senses to prevent his own injury, and if he fails to do so the consequences must fall upon him, although the negligent act of another caused his injuries: Lewis v. Wood, 247 Pa. 545, 551. When plaintiff saw defendant's automobile it was his duty to continue to look as he advanced. The performance of that duty would have told him that he could not safely pass over the intersection ahead of defendant's car without danger of a collision. He testified that he could have stopped his car at any time within a distance of three or four feet. It follows that he contributed to the accident either by failing to continue to look and driving blindly on until he was struck, or by

testing an obvious danger.    Therefore, a recovery cannot be permitted, and the compulsory non-suit was properly granted.

The judgment is affirmed.