## Fry *v.* Derito, Appellant.

Argued October 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Oscar Rosenbaum,* for appellant.—There was not sufficient legal evidence of the defendant's negligence to submit to the jury: Smathers v. P. & B. St. Ry. Co., 226 Pa. 212; Mantia v. Pearlman, 91 Pa. Superior Ct. 478; Why v. Stratton, 92 Pa. Superior Ct. 476; Tyrell v. Phila. R. T. Co., 79 Pa. Superior Ct. 346.·

The refusal to withdraw a juror was an abuse of the court's discretion: Critzer v. Donovan and Bressler, 7 Northumb. 202; Michaels v. Penna. R. Co., 73 Pitts. 212; Miller et al. v. Bell, 7 D. C. 583.

*G. Levering Arnhold,* for appellee.—The case was for the jury: Keystone Lead Company v. Frechie, 94 Pa. Superior Ct. 395; Malter v. Kennedy, 94 Pa. Superior Ct. 254; Schlosstein v. Bernstein, 293 Pa. 245; Swift v. Corrado, 292 Pa. 543.

OPINION BY TREXLER, J., November 22, 1929:

Joseph W. Fry, the plaintiff, at about 8:50 o'clock on the evening of September 4, 1927, was driving in a southwesterly direction on Monument Road and approached Ford Road, which intersects Monument Road and is about thirty feet wide. On reaching the curb line at Ford Road, Fry blew his horn and proceeded to cross at a speed of about twenty to twenty-five miles per hour. He had looked at the curb line and had seen the defendant's car come at a distance of seventy-five feet away. When he had almost completed the crossing, his front wheels being at the opposite curb line

of Ford Road, he was struck in the rear left wheel by the defendant's car and the damages were occasioned, for which this suit was brought. The jury found in favor of the plaintiff.

There was a request for binding instructions in favor of the defendant. This request was made after the court was through with its charge and the court refused to read it or answer it because it was not presented at the proper time. We do not think it should have been affirmed, even if the court had considered it.

As stated, the plaintiff, when he reached the curb line of Ford Road, looked to his left and saw the defendant's automobile seventy-five feet away. He continued to cross at the rate of about twenty to twenty-five miles an hour and had crossed to the opposite side of Ford Road before he was struck in the rear left wheel by defendant's car. The plaintiff had the right of way. The jury might conclude that the plaintiff had a right to assume that he could get across safely under these circumstances. It was incumbent upon the defendant to approach the intersection with his car under control. The plaintiff was not required to anticipate and guard against the want of ordinary care on the part of the defendant. The fact that plaintiff almost escaped being struck by the defendant is also an element in the case. The theory of the plaintiff, and there is some evidence to support it, was that the defendant accelerated his speed as he approached the crossing. In Keystone Lead Company v. Frechie, 94 Pa. Superior Ct. 395, under circumstances quite similar to the one we are considering, we held that the matter of defendant's negligence and the plaintiff's contributory negligence were questions of fact for the jury. See Reitmeir v. P. R. T., 94 Pa. Superior Ct. 509; Gearhart v. A. & L. Valley Elec. Rwy. Co., 93 Pa. Superior Ct. 503.

In the course of a speech of plaintiff's counsel to

the jury, he stated, inter alia, "Gentlemen of the jury, I say to you this is not a million dollar case. It isn't one of those cases where we are coming in here and claiming thousands and thousands of dollars." The remark appears on the record although there seems to have been merely a request for the withdrawal of a juror and no action taken to get it properly on the record, but, be that as it may, we think the remark does not require a reversal. In fact, there is force in the remark of the lower court that the words tended to minimize plaintiff's claim instead of prejudicing the defendant. The other remarks of the plaintiff's attorney to which objection is made were not supported by any exception and as we are convinced upon examination of the whole record that the case was properly tried and was one that required a submission to the jury, we do not feel constrained to seek for error and to consider matters which are not properly before us.

The judgment is affirmed.

A similar order may be entered in No. 89, October T., 1929, wherein Abraham Fry and Sarah Fry, the occupants of the car, were the plaintiffs, the two cases having been tried together.