## Brayman v. DeWolf, Appellant.

226

Argued October 16, 1929. Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP,
CUNNINGHAM and BALDRIGE, JJ.

*J. Rouse Burns,* and with him *Harold B. Beitler,* for appellant.

*Samuel E. Kratzok,* for appellee.

OPINION BY LINN, J., November 18, 1929:

In this case, as perhaps in most automobile collisions at right-angled street intersections, both parties were at fault. The collision occurred at the intersection of Rockland and 13th Streets, Philadelphia. Plaintiff, himself, testifies to his own contributory negligence.

He states that while going west on Rockland Street "probably between 12 and 15 miles [an hour] at the intersection," and as he reached the 13th Street house line, he saw the defendant coming south on 13th Street at "approximately 30 miles an hour," and "approximately 70 feet away." If the cars were then 70 feet apart, one travelling south and the other west, their courses would intersect in less than 70 feet. Plaintiff's car was struck about the right front door, the front axle was bent and other damage was done; on his estimates of speed (and he qualified specially on the subject) the cars would meet in less than two seconds; when he saw defendant 70 feet away, he could not continue without taking the risk of collision. Parties so approaching street intersections must have their cars under such control as to enable them to stop for any ordinary emergency arising from the use of the intersecting street: Flounders v. S. P. Traction Co., 280 Pa. 85, 87. In fact, the real difficulty with his conduct appears in the following quotation from plaintiff's testimony: "Q. You say you were going west on Rockland Street and you saw a car coming from the right on Thirteenth Street?

A. Yes, sir.

Q. About seventy feet away?

A. Yes, sir.

Q. Why didn't you stop?

A. I was at the intersection first.

Q. You were at the intersection first?

A. Sure.

Q. He was coming from the right, coming down Thirteenth Street, and you saw him coming down that way and you knew a car coming from the right had the right-of-way?

A. True enough, but I think the law says when a man reaches the intersection first he has the right-of-way. When two cars reach the intersection together,

then the car coming from the right has the right-of-way.

Q. When you got to the house line he was coming down just seventy feet away and still you went in front of him?

A. Sure."

He misunderstood his right. The so-called right of way does not depend upon merely reaching the intersection first; in a race to get there first both may be, and probably will be, negligent. A driver must "approach the crossing with his car under such control that it could be stopped if danger was imminent": Flounders v. S. P. Traction Co., supra. Even if a driver on the left reach the intersection first, he may not exercise his right to go forward, "unless so far in advance of the other as to afford reasonable time to clear the crossing" without collision, an element which requires him to take into account not only his own speed but the speed of the other car, together with the distances to be covered before their courses intersect. In Weber v. Greenbaum, 270 Pa. 382, it was held that the Act of June 30, 1919, P. L. 687 (re-enacted 1925, P. L. 279) "means simply that, where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision." Weibe v. Powers, 86 Pa. Superior Ct. 389, 391; Frank v. Pleet, 87 Pa. Superior Ct. 494, 497; Swift v. Corrado, 292 Pa. 543, 545.

Certainly with only "approximately 70 feet" between him in a moving car and defendant's moving car, when plaintiff reached the 13th Street house line, and with defendant travelling about twice as fast as plaintiff (for so he states the facts) he was not "so far in advance of the other as to afford reasonable time to [plaintiff] to clear the crossing and thus in all

probability, avoid a collision." In such circumstances he should have foreseen, as the event proved, that a collision was inevitable, if he did not stop; see Alperdt v. Paige, 292 Pa. 1, 5. He was "under an affirmative duty to keep out of the other's way": Hood v. Urban, 93 Pa. Superior Ct. 4, 8.

It is only where there is a dispute whether one was "so far in advance of the other as to afford reasonable time to clear the crossing" that the evidence on that subject should be submitted to the jury, or be considered by the judge trying without a jury, to find the fact; where there is no such dispute, or where, as here, the plaintiff's own evidence states the relative positions and speeds of both cars sufficiently so that there can be no dispute about it, the court must determine whether the admitted facts constitute contributory negligence or not: Wescott v. Geiger, 92 Pa. Superior Ct. 80, and Frank v. Pleet, supra; Alperdt v. Paige, supra; Weibe v. Powers, supra, and Swift v. Corrado, supra, are conclusive against plaintiff.

Judgment reversed and here entered for defendant.