Redmond *v.* Koons, Appellant.

230

Argued October 22, 1929. Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Joseph A. McKeon*, and with him *Richard A. Smith* and *Wilbur F. Whittle*, for appellant.

*Howard R. Detweiler*, for appellee.

Opinion by Linn, J., November 18, 1929:

Plaintiff has judgment for personal injury and for damage to his automobile sustained in a right-angled collision at the intersection of Grant Avenue and Academy Road in Philadelphia. Grant Avenue is described as "20 feet or maybe a little wider." There was evidence from which the jury might have found that both were negligent, but as the verdict is for the plaintiff we consider (on the motion for judgment n. o. v.) the evidence most favorably supporting the verdict. From

that evidence the jury may have found the facts to be as follows: Plaintiff was driving north on Academy Road and defendant west on Grant Avenue. Because of an embankment at the southeastern corner of the two streets, plaintiff could not see eastward along Grant Avenue until he drove out into the avenue beyond the embankment at the corner. When he reached such a point in Grant Avenue, he states, "that [he] was going between 5 and 10 miles an hour and saw defendant's car approaching on the east 100 feet away." He did not state at what speed defendant's car was approaching, but that fact was supplied by defendant's chauffeur who testified that he was travelling toward Academy Road "about 10 or 15 miles an hour," and that he "slowed down . .,. . . ." as he approached Grant Avenue. After plaintiff got into Grant Avenue past the embankment, he had to travel perhaps 20 feet plus the length of his car to clear the north side of Grant Avenue; he states that the front part of his car, including the seat, had passed the north line of Grant Avenue when the right rear of his car was struck in Grant Avenue by the right front fender of defendant's car. He also states that he crossed the avenue at the rate of about 5 or 10 miles an hour.

On those facts it cannot be said as matter of law that plaintiff was guilty of contributory negligence. He was in the intersection of the streets substantially in advance of defendant's car approaching at a very moderate rate of speed, with perhaps one-fourth of the distance to travel that the defendant's car had to travel to reach the path of plaintiff's car, and, as the defendant's driver said he was travelling only 10 or 15 miles an hour, plaintiff's car could easily have crossed Grant Avenue before defendant's car arrived at the intersection. It was, therefore, the duty of the court to submit the matter of contributory negligence to the jury. This case differs from Wescott v. Geiger,

92 Pa. Superior Ct. 80, relied on by appellant, in the essential facts that there both cars were traveling at greater speed than here, that plaintiff had to travel about 24 feet to reach the path of the defendant's car, (seen about 114 feet away) while here less than that distance carried him beyond Grant Avenue; in that case, too, defendant's truck struck the front part of plaintiff's car, not the rear as here. Differences of the same character exist in Brayman v. De Wolf, this day decided.

Another matter needs reference. After the charge had been concluded, defendant's counsel stated: "I ask your Honor to charge that the defendant's car, being the car on the right, ordinarily would have the right of way. The Court: I will not so charge, because the evidence is that the plaintiff's car was already out in the road-bed when the defendant's car was a hundred feet away. The law is that where two automobiles approach an intersection of two streets at substantially the same time, that automobile which approaches from the right has the prior right of way across. Where two automobiles approach the intersection of two streets at different times, the automobile which first arrives at the intersection of the two streets has the prior right of way across." The instruction was excepted to and is assigned for error. As a statement of the law it is not quite accurate. In Weber v. Greenbaum, 270 Pa. 382, 385, it was held that part of the Act of June 30, 1919, P. L. 678, relating to this subject (re-enacted 1925, P. L. 379) meant "...... that where the paths of two approaching vehicles cross at the intersection of public streets the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus in all probability avoid a collision." See also Alperdt v. Paige, 292 Pa. 1, 5; Swift v. Corrado, 292 Pa. 543; Wiebe v. Powers, 86 Pa. Superior Ct. 389, 391;

Wescott v. Geiger, 92 Pa. Superior Ct. 80, 83; Frank v. Pleet, 87 Pa. Superior Ct. 494, 497. But we think the error was harmless in this case. Plaintiff's evidence put his car within the lines of Grant Avenue when defendant was 100 feet away, both cars travelling at very moderate rates of speed; defendant's chauffeur testified that he did not see plaintiff's car (though the accident happened in daytime and there is no evidence that there was other traffic about) until it was in front of him and the collision was imminent. The jury may have found in accordance with all the evidence that plaintiff's car was in Grant Avenue on its way across a narrow street and that defendant's driver was not looking ahead, because, asked whether he looked as he approached the street intersection, he answered "yes, I looked first as I was crossing,"— too late, of course. As there was evidence on both sides, and none to the contrary, that plaintiff's car had crossed the southern half of Grant Avenue and was crossing the path or portion of Grant Avenue in which defendant's car would travel across Academy Road, defendant was not harmed by the judge's statement as applied to the evidence in the case. A new trial will not be granted for harmless error.

Judgment affirmed.