William Schneider, Appellant, *v.* American Stores Company.

Argued October 16, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*J. Webster Jones,* for appellant.

*Thomas J. Clary,* and with him *Richard A. Smith* and *Louis Wagner,* for appellee.

OPINION BY GAWTHROP, J., December 27, 1930:

Appellant assigns for error the action of the court below in granting defendant's motion for judgment n. o. v. The action is for damages for personal injuries and property damage sustained in a right angle collision at a street crossing. Viewed in the light most favorable to plaintiff, the evidence warrants the following statement of facts: On December 24, 1927, about 1:30 o'clock P. M., when the streets were dry and the day was cloudy, plaintiff was driving his truck eastwardly on Powelton Avenue, a street forty-four feet wide between the curb lines. The side walk on the north side is eighteen feet wide. Plaintiff was driving within two or three feet from the southern curb of Powelton Avenue. When he reached a point ten feet west of Saunders Avenue, which is thirty-four feet wide between the curb lines, and was moving at a speed of fifteen or twenty miles an hour, he saw defendant's truck coming southwardly on Saunders Avenue at a point fifteen or twenty feet north of Powelton Avenue. At that time defendant's truck was moving at the rate of twenty-five or thirty miles an hour. Plaintiff described his subsequent actions in these

words: "As I was on the south side of Powelton Avenue going east, I kept on going and I figured on this American Stores truck to slow down and let me get across the street, but he didn't, he swung his truck around to the left. After I got across the street he hit me in the left rear wheel housing and pushed me up against a telegraph pole." "Q. You said a while ago that when you first saw the American Stores truck you were ten feet or so west of Saunders Avenue. I ask you if you saw it again after that time? A. Yes, I looked to my left and I saw the truck coming along side of me on a slant, along side of my body and it pushed me over the curb and up against the telegraph pole." He testified positively that after taking his first look at defendant's truck he proceeded to cross the intersection without slackening his speed or attempting to stop, and did not look at the truck again.

Appellant contends that as his automobile reached the intersection in advance of defendant he had the right of way under the Act of June 30, 1919, P. L. 678, 695, re-enacted in 1925, P. L. 279, and had a right to proceed across Saunders Avenue in reliance upon the defendant's performing his duty under the statute. It has been decided over and over again that the statute does not give the driver of a car an absolute right to cross an intersecting street regardless of the fact that another car is approaching from his left, and that where the driver of a car, although he has the technical right of way, sees that he cannot cross in advance of another car, he is bound to use due care to prevent an accident. See Robinson v. Berger, 295 Pa. 95; Alperdt v. Paige, 292 Pa. 1; Curry v. Willson & Sons, 301 Pa. 464; Frank v. Pleet, 87 Pa. Superior Ct. 494; Westcott v. Geiger, 92 Pa. Superior Ct. 80. Conceding for present purposes that appellant had the right to start across Saunders Avenue in front of de-

fendant's truck, it was his duty to continue to look as he advanced. Ordinary prudence would not permit him to ignore the truck as he says he did. It does not appear that his failure to look at the truck again was due to the fact that the conditions along his path required his undivided attention. The irresistible conclusion is that he drove blindly on in front of a truck which was moving faster than his own when he last looked at it, depending on the technical right of way which he had because he was first at the intersection. The case is not distinguishable from Westcott v. Geiger and Frank v. Pleet, supra. The following language in the latter case is applicable: "He (plaintiff) contributed to the accident either by failing to continue to look and driving blindly on until he was struck, or by testing an obvious danger." The cases relied upon by appellant as sustaining the contention that the question of his contributory negligence was for the jury are all readily distinguishable from this case upon their facts.

Appellee's brief calls our attention to the fact that no final judgment has been entered against appellant. The order entered by the court below on defendant's motion for judgment n. o. v. was: "The motion for judgment non obstante veredicto must be granted." The docket entries show this entry: "February 25, 1930, motion granted. Eo Die-Opinion filed." The order does not enter a judgment nor direct that judgment be entered, although the manifest intention was that the prothonotary should enter the formal judgment. It follows that the appeal is from an interlocutory order and, for that reason, must be quashed. See Watkins v. Neff, 287 Pa. 202. As no motion to quash was filed, we have considered the case on its merits in order to avoid prolonging the case and a useless second appeal. But our action in doing so is not to be regarded as a precedent.

The appeal is quashed.