Fraser *v.* Voight, Appellant.

Argued November 19, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Ward C. Henry,* and with him *Abraham L. Freedman* and *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Clarence G. Myers,* and with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY GAWTHROP, J., January 30, 1931:

About nine o'clock A. M. on May 23, 1929, the plaintiff was driving his automobile eastwardly on, and just to the right of the center of, Jefferson Street, in Philadelphia. When he reached the house line of 59th Street, which is thirty-four feet wide from curb to curb, he had reduced his speed to eighteen or twenty miles per hour. At that point his view to the south was unobstructed and he observed the car of Voight, the defendant, approaching from the right on 59th Street, when it was seventy-five feet from the intersection and travelling, according to his testimony, "at a high rate of speed......not less than forty miles an hour." He testified: "I proceeded to cross the intersection. As my front wheels approached or were practically over the center of the intersection, I was suddenly conscious of a car thundering at me from my right. Instinctively I tried to get away from this danger and I turned my car as far as I could to the left...... This car approaching from my right came and tried to get around my front, with the result that the two cars came together. The front of his car was in advance of mine, but the rear of his car engaged my car at about the front hub-cap...... I would say halfway back from the front of his car...... (It) bounded away from mine, kept going, crashed into the concrete curb......and fell over on the side." He admitted on the stand that his car was equipped with four-wheel brakes and that he could have stopped it within two or three feet when it was moving at eighteen or twenty miles an hour. When he was asked

whether he was watching the defendant's car all the time, he said: "No, I wasn't. I saw the car......having seen the car, and knowing it was seventy-five feet away, I had a perfect right to the intersection. Q. And that is why you went across? A. Why certainly." His witness, who testified that he saw defendant's car just before the collision, estimated its speed at from fifty to seventy miles per hour. The defendant brings this appeal from the judgment entered on the verdict against him, and the question presented is whether he was entitled to judgment non obstante veredicto on the ground that the plaintiff was guilty of contributory negligence as matter of law.

To us it seems clear that the plaintiff failed to exercise common prudence and the consequences must be visited on him, although defendant was also negligent. When he saw the defendant's automobile approaching, as he said, at forty miles an hour when it was seventy-five feet from the intersection, he must have known that he could not safely cross in advance when he was moving at eighteen or twenty miles per hour, unless defendant slackened the speed of his car. While he was not bound to anticipate that the defendant would continue his speed of forty miles per hour, it was his duty to keep watch on defendant's car and avoid a collision, if possible. Instead of watching defendant's car he manifestly relied upon the right of way which he had (according to his testimony) by reason of the fact that he reached the intersection of the streets substantially in advance of the defendant who was approaching from the right. A driver, no matter whether he has the technical right of way under the Act of June 30, 1919, P. L. 678, and its amendments, or the right of way because he reached the intersection substantially in advance of one approaching from the right, must drive as a prudent man would drive, and it is folly and negligence for a driver to

insist upon his right of way when a prudent man would realize it would bring danger upon himself and others. Our Supreme Court has so held in respect to the technical right of way conferred by the statute. See Campagna v. Lyles, 298 Pa. 352. Clearly the same rule is applicable to the right of way belonging to the driver who arrives at the intersection substantially in advance of another. By relying entirely upon his "right to the intersection" and failing to observe defendant's car from the time he first saw it until he was in the middle of 59th Street, he contributed to the accident either by failing to continue to observe or by testing what apparently was an obvious danger by advancing when he knew the defendant was approaching rapidly from the right: Schneider v. Am. Stores Co., 100 Pa. Superior Ct. 339; Alperdt v. Paige, 292, Pa. 1; Westcott v. Geiger, 92 Pa. Superior Ct. 80; and Frank v. Pleet, 87 Pa. Superior Ct. 494. The case at bar is readily distinguishable upon its facts from Redmond v. Koons, 97 Pa. Superior Ct. 229, and Fry v. Derito, 97 Pa. Superior Ct. 131. Plaintiff cannot recover and defendant was entitled to have his point for binding instructions affirmed and to have his motion for judgment non obstante veredicto granted.

The judgment is reversed and here entered for defendant.