Eveready Oil Company, Inc., *v.* Orlovitz, Appellant.

Argued October 7, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Richard A. Smith,* with him *Louis Wagner,* and *Thomas J. Clary,* for appellant.

*Walter B. Gibbons,* for appellee.

OPINION BY KELLER, P. J., November 13, 1936: This was an action in trespass growing out of a

right-angle collision between two motor trucks, at the intersection of Fourth and Spring Garden Streets, Philadelphia.

The statement of questions involved and assignments of error limit our review of the case to only one matter, —did the trial judge err in charging the jury that if they found from all the evidence that the accident happened as the plaintiff and his witnesses described it, they would be justified in finding that the plaintiff was not guilty of negligence, but that the defendant was, and that his negligence had caused the accident? The appellant contends that while this statement was correct as to the testimony of the plaintiff and all of his witnesses but one, the testimony of that one, William Bader, warranted a finding by the jury that the plaintiff was guilty of contributory negligence. We think a fair reading of this witness' testimony, in the light of the circumstances of the case, does not warrant this conclusion. Defendant does not question the sufficiency of the evidence of his own negligence.

The plaintiff's truck was traveling east on Spring Garden Street—a street 88 feet wide between curbs— about eight feet from the south curb line. The defendant's truck was traveling south on Fourth Street— a street 26 feet wide between curbs—in the car track in the center of the street. The defendant's truck was, therefore, on the left of plaintiff's truck, and if the vehicles entered or approached the intersection "at approximately the same time", the plaintiff had the statutory right of way: Act of May 1, 1929, P. L. 905, sec. 1013. The plaintiff had not forfeited this right by traveling at an unlawful speed, ibid. Nor was the defendant traveling at such a high rate of speed as to put the plaintiff on notice of any danger in his proceeding to cross. It is the intersection of the paths of the two vehicles which is to be considered in deciding whether a reasonably prudent man would be justified

in believing that he could safely proceed: *Lochetta v. Cunningham Cab Co.*, 98 Pa. Superior Ct. 4, 6; *Weber v. Greenebaum*, 270 Pa. 382, 385, 113 A. 413. As defendant's truck was traveling in the center of Fourth Street, and that street was only 26 feet wide between curbs, plaintiff had to go only about ten feet from the west curb line of Fourth Street to come to the intersection of the two paths. But defendant, crossing Spring Garden Street, which was 88 feet wide, would have to travel over 70 feet from the north curb line of Spring Garden Street to reach the intersection of the paths of the vehicles, traveling as they then were. While the testimony of the plaintiff and his other witnesses was to the effect that when he arrived at the west curb line of Fourth Street the defendant was some distance north of the north curb line of Spring Garden Street, the fair import of Bader's testimony was that the two trucks approached the intersection *at approximately the same time*, in which event the defendant, especially in the circumstances above set forth, was required to yield the right of way to the plaintiff. The trial judge, therefore, should not be convicted of error in charging as he did.

The judgment is affirmed.