# Haney, Appellant, *v.* Woolford et al.

Argued November 11, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Victor Frey,* with him *Philip A. Campbell,* for appellant.

*Layton M. Schoch,* for appellee.

OPINION BY RHODES, J., December 11, 1936:

This is a case involving a right-angle collision of two automobiles, in Philadelphia, at the intersection

of Seventieth street, 40 feet wide, and Greenway avenue, 44 feet 10 inches wide, both measurements being from curb to curb. Seventieth street runs north and south, and Greenway avenue runs east and west. The court below entered judgment for the defendant notwithstanding the verdict for the plaintiff. The latter has appealed.

Plaintiff was his only witness to the facts surrounding the accident. He was contradicted by defendant's witnesses. Accepting as true his version of the facts and the favorable inferences which may be reasonably deduced therefrom, it appears that he was driving his automobile in a southerly direction on Seventieth street, at a speed of 20 miles per hour, approaching Greenway avenue. When about 15 feet from the intersection, he reduced his speed to 12 or 15 miles per hour, and looked to his left and then to his right, where he saw defendant's automobile approaching on Greenway avenue. At that time it was 140 to 150 feet away and on its right-hand side of the center line. Continuing to observe defendant's automobile, he proceeded to enter the intersection at a speed of 12 to 15 miles per hour. When he reached the center line of Greenway avenue, still keeping his eye on the approaching automobile, it was about 40 feet away from him and coming at a speed of 50 to 60 miles per hour. He said: "I had my eye on her as I went out into the street, I kept looking at her, watching her." Plaintiff continued across the center of the intersection, increased his speed, and swerved his automobile to the left, endeavoring to avoid a collision. The automobiles collided when plaintiff had almost reached the southerly or far side of the intersection. The purpose of looking is to bring home knowledge of traffic conditions in the intersection; but if a person looks and then proceeds, ignoring an obvious danger, he must naturally suffer the consequences. He cannot assume that another

will perform his or her duty when the contrary is apparent. See *Mathiasen v. Brennan,* 318 Pa. 577, 579, 179 A. 438, 439.

Plaintiff had observed the approach of defendant's automobile for about 100 feet at the time that he arrived at the center of the intersection. Nevertheless, he proceeded into its path, at a speed of 12 to 15 miles per hour, when it was less than 50 feet distant and coming at a speed of 50 to 60 miles per hour. Under the circumstances, no reasonably prudent person would have considered it safe to attempt to cross the second half of the intersection in front of defendant. Although plaintiff looked and continued to look as he approached and entered the intersection, he was not thereby excused from the inevitable result of continuing into the path of the on-coming automobile. He took no precautions to avoid the danger which confronted him by virtue of its proximity and speed; but he took a chance which amounted to negligence.

While plaintiff was not required to anticipate and guard against want of ordinary care on the part of the defendant, still it was his duty to use due care to avoid a collision, even though the defendant was proceeding in a negligent manner. *Alperdt et ux. v. Paige,* 292 Pa. 1, 4, 140 A. 555, 557; *Frank et al. v. Pleet et al.,* 87 Pa. Superior Ct. 494, 497. In the instant case, the plaintiff tested a danger which, according to his own version of the accident, was obvious to him. According to plaintiff's testimony, he arrived at the intersection in advance of the defendant; but the superior right of one who is first at an intersection does not relieve him of his duty to use reasonable care, under the circumstances, to avoid an accident. *Wescott v. Geiger,* 92 Pa. Superior Ct. 80, 83. While proceeding across the intersection, as well as upon entering the intersec-

tion, it was plaintiff's duty to take every reasonable precaution against collision with the traffic coming from his right; there being none from his left. See *Stevens v. Allcutt*, 320 Pa. 585, 184 A. 85. Here, plaintiff, before reaching the intersection, when entering the intersection, and while proceeding across the intersection, continued to observe the approach of defendant's automobile. He did not proceed blindly into danger, but he did proceed knowingly into danger. Even when at the center of the intersection, he took no precautionary measure to avoid the accident by reducing his speed or stopping; but, cognizant of the fact that defendant's automobile was less than 50 feet away and coming at a speed of 50 to 60 miles an hour, he continued on, at his same or increased speed, into the path of defendant's automobile.

It was necessary that plaintiff make out a case free from contributory negligence. As plaintiff's own evidence states the relative positions and speeds of both automobiles and his knowledge thereof from continuous observation, the question of his contributory negligence was for the court. *Brayman v. DeWolf*, 97 Pa. Superior Ct. 225, 229. We are of the opinion that plaintiff's testimony clearly shows contributory negligence and precludes his recovery, and that the court below properly entered judgment for the defendant non obstante veredicto.

Judgment is affirmed.