Fay, Appellant, *v.* Pioneer Paper Stock Co., Inc.

Argued October 5, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William Charles Brown,* for appellant.

*Layton M. Schoch,* for appellee.

OPINION BY PARKER, J., November 10, 1937:

This action grew out of a collision between two trucks on a street in the city of Philadelphia. A jury found a verdict for the plaintiff and the court thereafter entered judgment n. o. v. for the defendant on the ground that plaintiff was guilty of contributory negligence. We are all of the opinion that the conclusion of the court below was correct.

The accident occurred at the junction of Ridge Avenue and Paoli Avenue, and it was agreed that Ridge Avenue should be described as running north and south and Paoli Avenue as east and west. Paoli Avenue intersects the west side of Ridge Avenue and comes to a dead end, Ridge Avenue having a paved cartway twenty-nine feet in width and Paoli Avenue a paved cartway twenty-two feet wide. Ridge Avenue curves to the west north of the intersection so as to shut off the view beyond about four hundred feet from Paoli Avenue, and that portion of the street ascends by a five per cent grade.

On May 17, 1935 at about 9:45 P. M. plaintiff was driving his light commercial truck north on the east side of Ridge Avenue, intending to turn into Paoli Avenue. He testified that he stopped his truck just south of the south line of Paoli Avenue and five or six feet west of the east curb of Ridge Avenue, near an electric light pole, and that he then saw defendant's truck with a trailer descending the hill moving south on Ridge Avenue at a distance of about two hundred feet. Plaintiff then started to make a turn into Paoli Avenue, moving his truck in low gear. He made a stop at an angle of forty-five degrees with the front of his truck across the center line of Ridge Avenue, when he saw the defendant's truck twenty feet away from him. Plaintiff

testified further: "Q. Now you expected this truck to stop, didn't you? A. I stopped. Q. And you expected the truck to stop when you started up your automobile? A. Oh when I started across first I thought the truck would stop. Q. And you knew that if the truck did not stop you would have no chance getting across, didn't you? You knew that when you started? A. Yes." By this unexplained and uncontradicted testimony the plaintiff convicted himself of contributory negligence. The defendant had the right of way and plaintiff moved into the path of defendant's truck and on defendant's side of the street, knowing that if he did so his truck would be struck unless defendant's truck was stopped and the right of way yielded to plaintiff. In this connection it should be noted that while plaintiff's truck was only a short distance across the center line he saw defendant's truck approaching near the center of the highway.

"Where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision": *Weber v. Greenebaum,* 270 Pa. 382, 385, 113 A. 413. Defendant's truck had the right of way and plaintiff was bound to yield it to defendant's truck and permit it to pass "unless, as we have so often said, he was so far in advance that, in the exercise of reasonable care and prudence, he was justified in believing that he could cross the intersection ahead of the approaching vehicle without danger of a collision": *Dougherty v. Merchants Baking Co.,* 313 Pa. 557, 560, 169 A. 753.

Plaintiff admits that he moved into the path of the oncoming truck of defendant which had the right of way, knowing that he "had no chance of getting across" unless defendant surrendered the right of way to him. Under these circumstances it certainly could not be

said that in the exercise of reasonable care and prudence he was justified in believing that he could cross the intersection ahead of the other truck. See *Haney v. Woolford,* 124 Pa. Superior Ct. 208, 188 A. 405.

The appellant relies on the case of *Federman v. O'Connor,* 117 Pa. Superior Ct. 295, 178 A. 155, but the facts of that case differ materially from those present here. In the Federman case both streets were very broad, the street on which the cars were operated being one hundred feet in width. In that case when the plaintiff first knew that the other car was approaching at a rapid rate, fifty or fifty-five miles an hour, he immediately stopped his car, leaving an unobstructed space of thirty feet for the other user of the highway to pass in front of him. There was there no admission that there was not time to pass, in fact the inferences were to the contrary. Here we have a much narrower cartway, there is no evidence of excessive speed and we have the plaintiff's own admission as to the position in which he placed himself.

Defendant may have been negligent, but the contributory negligence of the plaintiff prevents a recovery.

Judgment affirmed.