## Tomsel et al. *v.* Green et al., Appellants.

Argued October 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellant.

*Benjamin Frank,* for appellees.

OPINION BY KENWORTHEY, J., December 8, 1942:

In this negligence case defendants appeal from the refusal of their motion for judgment n. o.v. The action was for the damage to an automobile owned by plaintiff, Gerald Tomsel. Defendants offered no evidence; their principal contention throughout has been that Tomsel, who was operating the car at the time of the collision, was guilty of contributory negligence as a matter of law. It seems to have been taken for granted by the parties and the court below that if Tomsel was contributorily negligent, Federal Insurance Company, the other plaintiff, would likewise not be entitled to recover.

This was a right-angle collision. The accident happened at about 1:40 P.M. on July 11, 1940, at the intersection of Emerald and Tioga Streets, in the City of Philadelphia. Tioga Street is 34 feet wide between curb lines; Emerald is 26 feet wide between curb lines. Tomsel testified that he was driving his car north on Emerald Street to the right of the middle of the street. When he reached the south curb line of Tioga Street, he looked to his left and saw defendant approaching. At that time defendant was travelling in the middle of Tioga Street, he was about 60 or 70 feet away and travelling at a speed of 35 to 40 miles per our. Tomsel was in second gear going 15 miles per hour, at which speed he said he could stop in 8 or 10 feet. He testified, "Well, I seen this car coming and I seen he was

coming a little fast, and I kept my eye on him to figure out what he was going to do, and as I did I was a little cautious myself; I didn't go as fast as I should have went across the street." He proceeded to about the middle of Tioga Street when, realizing a collision was imminent, he attempted to stop. The collision occurred when the front of Tomsel's car was about three-quarters of the way across. The right front fender of the defendant's car struck the left front fender of Tomsel's.

Although Tomsel had the statutory right of way, since he approached the intersection on defendant's right, when he reached the south curb line of Tioga Street he, according to his own testimony, knew that if he proceeded to cross a collision was likely unless defendant made a supreme effort to avoid it. At one point in his testimony he said he thought defendant would slow down because of a "Slow" sign 20 feet west of the intersection. But in view of what he saw, he had no right to make the assumption.

We do not mean to hold that the operator of an automobile is bound to make a mathematical calculation as he approaches an intersection. We do hold that, under the circumstances of this case, Tomsel deliberately took a chance in attempting to cross, that common prudence required him to stop or slow down and, having failed to do so, he must bear the consequences. As we said in *Frank et al. v. Pleet et al.*, 87 Pa. Superior Ct. 494, 497: "The superior right of the one who is first at an intersection [or one who has the statutory right of way] does not relieve him from his duty to use reasonable care under the circumstances to avoid a collision. It is as much his duty to use due care to avoid a collision, if the driver of the other vehicle is negligent, as it is if the other driver was not negligent: *Mehler v. Doyle,* 271 Pa. 492, 495." As pointed out by the Supreme Court in *Weinberg v. Pavitt,* 304 Pa. 312, at 322, 155 A. 867: "Motorists

about to cross such intersections must be highly vigilant and exercise extreme care in avoiding accidents and not merely depend for a 'safe passage' exclusively on some theoretical 'right of way' which they may possess or think they possess. Abstract rights sometimes have to yield to concrete facts." And see *Williams v. Phila. Toilet and Laundry Co.,* (opinion to be filed).

The judgment is reversed and entered for defendants.