Mannix, Appellant, *v.* Lamberton.

394

Argued April 10, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John G. Gent,* with him *John B. Brooks* and *Brooks, Curtze & Silin,* for appellant.

*Samuel M. Baker,* with him *English & Baker,* for appellee.

OPINION BY DITHRICH, J., July 20, 1950:

From the granting of defendant's motion for judgment n. o. v. in this action of trespass for damages to an automobile owned by plaintiff, she has brought this appeal. The damages complained of resulted from a right-angle collision between her automobile and one owned

and operated by defendant. Her car, in which she was riding, was being operated by her brother-in-law, E. L. Strucher. The collision occurred at the intersection of Fourth Street and the east lane of Mohawk Drive in the City of Erie. Plaintiff's car was proceeding east on Fourth Street, an unpaved street 26 feet wide, and defendant's car was proceeding north in the east lane of Mohawk Drive, a 54-foot divided boulevard, with two traffic lanes, each 18 feet wide, separated by a grass plot, also 18 feet in width.

The collision happened about one o'clock in the afternoon of November 7, 1947, and there was nothing to prevent the driver of either machine from seeing the other in ample time to have avoided the collision. As stated by LINN, J., later Mr. Justice LINN, in *Brayman v. De-Wolf*, 97 Pa. Superior Ct. 225, 226: "In this case, as perhaps in most automobile collisions at right-angled street intersections, both parties were at fault."

As the verdict was for plaintiff, she is entitled to the benefit of the testimony most favorable to her, not only on her own side, but also on the side of the defendant. *Holland v. Kohn*, 155 Pa. Superior Ct. 95, 38 A. 2d 500. This rule of law, however, does not prevent the inference, from the fact that she did not call the driver of her car to testify, that his testimony, if he had been called, would not have been favorable to her. *Harkins v. Varone*, 306 Pa. 376, 159 A. 860; *Wilkinson v. United Parcel Service of Pa., Inc., (No. 1)*, 158 Pa. Superior Ct. 22, 43 A. 2d 408.

She testified that she herself first saw defendant's automobile 200 feet south of Fourth Street when her automobile was 18 feet west of the westerly line of Mohawk Drive. When she first saw it, she didn't pay any attention to how fast it was going. When she next saw it, it was 50 to 75 feet away and going "about forty miles an hour"; her car was then "almost past the center of the boulevard" going about "twelve miles an hour." Ac-

cording to her testimony they continued at that rate of speed until just before the collision, when she told her brother-in-law that she didn't think defendant was going to stop, and that he, Strucher, then "applied his brakes and turned left" but too late to prevent colliding with the other car. Defendant testified that as he neared the intersection he was driving only 20 miles per hour; and as that may be considered more favorable to plaintiff than her own testimony that he was driving twice that fast, she is entitled to the benefit of it, for whatever it may be worth.

The question as thus resolved is whether plaintiff's car had reached the intersection so far in advance of defendant's, which had the right of way since it was approaching from the right, as to afford reasonable time to clear the crossing. It is abundantly clear that it had not and it was the duty of the court to so declare. *Brayman v. DeWolf,* supra; *Weber v. Greenebaum,* 270 Pa. 382, 113 A. 413; *Gourley v. Boyle,* 346 Pa. 113, 29 A. 2d 523; *Haney v. Woolford,* 124 Pa. Superior Ct. 208, 188 A. 405; *Tomsel v. Green,* 150 Pa. Superior Ct. 547, 29 A. 2d 339; *Williams v. Philadelphia Toilet and Laundry Co.,* 150 Pa. Superior Ct. 643, 29 A. 2d 336.

Defendant testified that Strucher told him that he never saw his car before the collision—that may account for his not being called by plaintiff—and two police officers testified that practically all of the damage was on the left side of defendant's car and the front end of plaintiff's. She herself testified "the whole front end of it was jammed in." As stated by the learned president judge of the court below: "The facts in the case . . . are not complicated. Robert G. Lamberton was proceeding north on Mohawk Drive, a fifty-four foot boulevard, and when he was thus proceeding at a speed of forty miles per hour [twenty miles according to his testimony], his car was plainly visible to . . . [the] driver of the Mannix car, for an admitted distance of two hundred feet.

When the Lamberton car was first sighted, the Mannix car was about to enter the intersection on Fourth Street, which is a twenty-six foot street, and, obviously, the driver of the Mannix car was charged with knowledge of an impending collision, unless reasonable precaution was taken. Nevertheless, the Mannix car continued to proceed . . . across the boulevard into the path of the oncoming car of the defendant until the inevitable occurred."

Plaintiff testified that she had been living with her sister and brother-in-law, but at the time of the accident the brother-in-law was driving her "to a new apartment . . . that . . . [she] had just rented." Since he was driving the car, in which she was a passenger, at her request and on her business, his negligence would bar her from recovery. In that respect the case is strikingly similar to *Von Cannon v. Philadelphia Transportation Co.*, 148 Pa. Superior Ct. 330, 25 A. 2d 584. There the plaintiff owner was riding in a car driven by her brother-in-law. The plaintiff's husband and brother-in-law had asked her permission to take the car from North Carolina to New York to look for work and, as an afterthought, had suggested that the plaintiff accompany them. The brother-in-law's negligence was imputed as a matter of law to the plaintiff on the ground that the relationship was that of either master and servant or principal and agent. The Court said (page 340) : "In the case at bar, appellee would have been liable, in our opinion, for any injuries sustained by a non-negligent third person through the negligent operation of her car by her brother-in-law. This is the test upon the question whether her brother-in-law's negligence is imputable to appellee. As set forth [in] 'Restatement of the Law of Torts,' Vol. II, Section 485, she is barred from recovery because of the negligence of her brother-in-law 'if, but only if, the relation between them [was] such that [appellee] would be liable as defendant for harm

caused to others by [the] negligent conduct of [her brother-in-law].' "

The Court continued (page 342) : "The remaining question is whether upon this record as it stood at the conclusion of the testimony the trial judge should have held that the contributory negligence of appellee's driver was imputable to her as a matter of law. Here, as in McMahen v. White, supra [30 Pa. Superior Ct. 169], there was no dispute with relation to the circumstances under which appellee placed her brother-in-law in control of the operation of her car after her husband had taken the bus to New York from South Hill, Virginia. Her testimony definitely shows he was driving it in the capacity of her agent or servant. It was expressly held in that case, (p. 176), that where there is no dispute concerning 'the conditions under which the parties were acting' the question of the owner's 'responsibility for the conduct of the driver of his vehicle' is one of law."

*Rodgers v. Saxton*, 305 Pa. 479, 158 A. 166, is clearly distinguishable since, in that case, the relationship between the owner of the car and the driver was that of husband and wife, and the Supreme Court held that proof that the wife was the owner and an occupant of the car which was being operated by her husband on a vacation trip—other occupants in the car being their two children and Mrs. Rodgers' mother—was not sufficient to establish the relation of principal and agent. But under the undisputed evidence in this case the relation of principal and agent existed between plaintiff and the driver of her car, and she was chargeable with his negligence as a matter of law.

Judgment affirmed.