## Nero v. Duffy (et al., Appellant).

Argued November 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*R. Clifton Hood*, with him *Evans and Hood*, for appellant.

*Lee E. Whitmire, Jr.*, with him *Whitmire and Mannix*, for appellee.

OPINION BY WATKINS, J., December 14, 1960:

This is an appeal by the additional defendant, Frank J. Ross, from the judgment of the Court of Common Pleas of Beaver County and from the court's refusal to grant a motion for a new trial.

The matter before us is the result of an automobile accident which occurred on August 24, 1958, at the intersection of Route No. 481 and Route No. 51 in

Darlington Township, Beaver County, Pennsylvania. The plaintiffs, Teresa Nero and Cipriano Nero, were passengers riding in the back seat of the automobile of the appellant, Frank J. Ross, as it was proceeding westwardly on Route No. 51, a four-lane highway. As they approached the intersection of Route No. 481, Ross observed the automobile of defendant, Rayburn P. Duffy, slowly cross the eastbound lane of Route No. 51 and the medial strip between the westbound and eastbound lanes of Route No. 51 and instead of stopping as expected continued on into the westbound lane into the path of Ross who was travelling then in the far right lane, at the legal speed of 40 miles per hour. A collision resulted. The jury brought in a verdict against both the original defendant and the additional defendant.

The sole question raised on this appeal is whether a remark made by the trial judge, near the end of his charge, constituted a fundamental trial error, and the subsequent refusal of a new trial, an abuse of discretion. We think it was fundamental error and the court did abuse its discretion.

The rule has been stated many times that while an award of a new trial is an inherent power of the court and its exercise a matter of discretion, the discretion is not an absolute one and it is the duty of the court to review and determine whether there has been an abuse of discretion. *Millenson v. City Stores Company*, 382 Pa. 39, 114 A. 2d 80 (1955); *Decker v. Kulesza*, 369 Pa. 259, 85 A. 2d 413 (1952).

Whether there has been an abuse of discretion is, of course, a matter of degree and is dependent upon the facts and circumstances existent at the time of the exercise of discretion. In the present case, the trial judge, after a very fair trial and charge by the court, just before closing his charge, made the following state-

ment: "You may find a verdict against one defendant, or you may find a verdict against both defendants, depending upon what you find the facts to be, under the law as we have given it to you.

"The Supreme Court of Pennsylvania has said—and it is just a common sense observation—that in the majority of right-angle intersection accidents both parties are at fault—they didn't say in all cases, because it is not so, and it may not be so in this case; but that in the majority of cases where two cars collide at an intersection, both parties are at fault. You will have to determine whether, under the facts in this case, that observation is justified." Special exception was taken to this remark by counsel for the appellant.

While it is true that the appellate courts have made the observation referred to by the trial judge, in his opinion, in *Brayman v. DeWolf,* 97 Pa. Superior Ct. 225 (1929) and again in *Mannix v. Lamberton,* 167 Pa. Superior Ct. 393, 74 A. 2d 515 (1950). These observations were made after trial in the opinions on appeal and not before the jury at the climax of the trial, and we can find no case in which this has been permitted in a civil trial.

After instructing the jury that they must find what the facts are and render verdicts under the law as the court has given it, the statement was made, couched in such a way that it would appear to be a legal conclusion to a lay juror, especially with the added weight which would be given such an observation of the Supreme Court of Pennsylvania.

Trial courts in Pennsylvania and appellate courts alike, should be cautious in stating generalities which tend to obliterate the rights given to operators of motor vehicles on the open, through highways of our Commonwealth, the end result of which is to aggravate the present tendency of requiring all drivers to be con-

stantly on the defensive while driving, rather than being able to rely on the assumption that other drivers will be obedient of the law.

Order reversed and a new trial granted.

WRIGHT, ERVIN and MONTGOMERY, JJ., would affirm on the opinion of President Judge McCREARY of the court below.