# Lautenbacher, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Defective sidewalks—Contributory negligence.*

Where a woman carries a couch on a sidewalk of a city in such a way that her view ahead is obstructed, and she falls in a hole in the middle of the pavement, she is guilty of contributory negligence, and cannot recover from the city damages for her injuries.

Argued Jan. 23, 1907. Appeal, No. 298, Jan. T., 1906, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., March T., 1904, No. 1,072, for defendant non obstante veredicto in case of Albert M. Lautenbacher and Sallie J. Lautenbacher, his wife, v. City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARR, J.

At the trial the jury returned a verdict for the plaintiff for $2,000. Subsequently the court entered judgment for defendant non obstante veredicto, CARR, J., filing an opinion in which the accident was described as follows:

The plaintiffs sued to recover damages for injuries to Sallie J. Lautenbacher, sustained January 27, 1904, while she was walking on the sidewalk upon the west side of Moss street, opposite No. 608. The plaintiffs lived at 644 Moss street, and Mrs. Lautenbacher was walking from that house engaged in moving her furniture to 604 Moss street, she and her sister carrying a lounge, about five feet in length and about fifty pounds in weight. Her sister held the foot of the lounge, walking backwards, and the plaintiff held the head of the lounge, walking forwards, facing her sister. The top part of the curve of the lounge, or the pillow part, was in front of her and reached to about her mouth. She had passed frequently over the sidewalk of No. 608, where the accident happened. It was half past eight in the morning, and Mrs. Lautenbacher was not looking under the lounge, but straight ahead, and there

was no snow or ice on the sidewalk, and she could not see underneath the couch. The defendant's contention was that the pavement was in perfect condition, and that Mrs. Lautenbacher fell against the couch which she was carrying, and, striking its end, broke the kneecap. She, however, testified that she slipped into a hole, which she stated was near the middle of the pavement, eighteen inches square and five inches deep; and she testified that her foot went into the hole and her knee struck on an iron water-box which was in its center, and that it was a hole jagged out around the water-box, which was about five inches wide and of the same depth, and her testimony was corroborated by that of her sister. But on behalf of the defendant, four disinterested witnesses testified that there was no hole in the pavement at the place indicated.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Leo MacFarland,* for appellant.

*William C. Wilson,* assistant city solicitor, with him *Charles E. Bartlett* and *John L. Kinsey,* city solicitor, for appellee.

PER CURIAM, April 1, 1907:

By carrying the couch in the way she did, the appellant voluntarily impeded her view and disabled herself from the proper performance of her duty to look where she was going. She might as well have put a bandage over her eyes and then charged the city with the results of her failure to see the obstruction over which she fell.

Judgment affirmed.