McGuire *v.* Brambilla, Appellant.

Argued October 3, 1933.

Before
Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*George H. Detweiler,* for appellant.

*John Francis Williams,* and with him *Raymond Pace Alexander,* for appellee.

Opinion by James, J., February 1, 1934:

Plaintiff recovered a verdict in the court below for damages suffered in a collision between his automobile

and a truck of the defendant. Defendant's motion for judgment n. o. v., based upon the refusal of her point for binding instructions, was dismissed and judgment entered upon the verdict, from which judgment defendant has taken the present appeal.

On Sunday morning, October 11, 1931, at about 11:30 o'clock, plaintiff was driving a Jordan sedan westwardly on Fitzwater Street. When he reached the east house line on Fifteenth Street he looked to the right and saw the truck of the defendant one hundred seventy-five to two hundred feet away; he looked again when he reached the curb and saw the truck one hundred thirty to one hundred thirty-five feet away; he then proceeded across the intersection and when he crossed the west rail of the Fifteenth Street track his automobile was struck at the rear of the center causing so much damage that it could not be repaired. The plaintiff's car was knocked over on the southwest corner of Fifteenth and Fitzwater Streets, the front wheels going up on the sidewalk. He was proceeding at about twelve miles an hour and the defendant's truck was moving about thirty miles an hour. Plaintiff's testimony was that he was proceeding slowly because of the heavy pedestrian traffic at the intersection. His testimony was in a measure supported by a witness, Daniel J. Raffo, who was driving an automobile in the rear of the plaintiff trying to, as he testified, "blow him out of the way, so I could soon get through, that morning." Plaintiff's testimony is also supported by the testimony of Joseph Gibson who was standing at the southeast corner of the intersecting streets. Defendant's contention is that plaintiff's case disclosed that he was guilty of contributory negligence as a matter of law and therefore the judgment should have been entered in favor of the defendant.

In support of his contention he has cited the cases of Frank v. Pleet, 87 Pa. Superior Ct. 494; Brayman

v. DeWolf, 97 Pa. Superior Ct. 225; Lits v. P. R. T. Co., 97 Pa. Superior Ct. 344; Newman v. Reinish, 106 Pa. Superior Ct. 351, 163 A. 58, and Wescott v. Geiger, 92 Pa. Superior Ct. 80, as authority for his position.

We have carefully examined all of these cases and do not believe they are analogous to the facts in the present case but are persuaded that the facts in this case are analogous to the case of Barton v. Frank, 309 Pa. 243, 163 A. 521, where the question of contributory negligence was submitted to the jury. Mr. Justice MAXEY said in that case: "In the case before us the plaintiff was on the left and was only fifteen or twenty feet from the intersection when the automobile on the right was, according to plaintiff's testimony, at least one hundred fifty feet away. Plaintiff continued to the near side of the intersection, and observed the automobile one hundred twenty-five feet away. Plaintiff then proceeded halfway across the street and saw the automobile fifty feet away. We can not say as a matter of law that plaintiff by continuing on his way instead of then stopping in the middle of the street took a chance amounting to negligence. He had a right to assume that the defendant who was then a considerable distance from the intersection would moderate his speed or if necessary stop."

In the instant case the truck of the defendant was one hundred seventy-five feet away when plaintiff was at the house line twelve feet from the curb line and when he reached the curb line the defendant's truck was one hundred thirty to one hundred thirty-five feet away, and plaintiff then proceeded to cross the intersection and his automobile was struck in the rear of its center as his front wheels were crossing the west rail of the track. As was said by Mr. Justice MAXEY in Barton v. Frank, supra, (p. 246): "In the instant case the defendant, although he was on the left,

had a right to assume when he reached the intersection first that the car on the right one hundred twenty-five feet away would yield the crossing to him and his motorcycle, they having arrived there first. A driver on the left need not give way to a driver on the right at the intersection of public streets if he, the driver on the left, reaches the intersection so far in advance of the other as seemingly to him in the exercise of reasonably sound judgment to afford him sufficient time at the rate of speed at which he is traveling to clear the crossing before the driver on the right at the rate of speed at which he is traveling will apparently reach it."

We are convinced in the case at bar that the evidence did not establish contributory negligence on the part of the plaintiff so clearly that the trial judge should have given binding instructions in favor of the defendant or subsequently granted her motion for judgment n. o. v.

Judgment affirmed.