## Lewin v. Freihofer Baking Company, Appellant.

Argued October 17, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Stanley B. Rice,* with him *Maurice W. Sloan, Jr.,* and *Maurice W. Sloan,* for appellant.

*Milford J. Meyer,* and with him *Barnet Lieberman,* for appellee.

Opinion by Stadtfeld, J., January 4, 1935:

This was an action of trespass for the recovery of damages for personal injuries and damage to an automobile as a result of a right angle collision at the intersection of Powelton Avenue and 40th Street in the City of Philadelphia.

On July 4, 1933, plaintiff was operating his automobile eastwardly on Powelton Avenue at about 3:15 in the morning. A motor truck, owned by the defendant, was being driven northwardly on 40th Street. Powelton Avenue extends east and west and is sixty feet wide; 40th Street, extending north and south, is 30 feet wide. The case was tried before Walsh, J., without a jury, in the municipal court.

The testimony of plaintiff was in part as follows:

As he approached the intersection, he slowed down to a speed of 5 or 6 miles an hour and when his car reached a point between the first house line and curb, he looked to his right and saw defendant's truck, with dim lights, 100 feet away, coming north at 25 or 30 miles an hour. He then continued to cross 40th Street, and as he reached the center of the intersection, he looked again and saw defendant's truck 40 feet away coming at the same speed; he kept on and when the front of his car was about 5 feet past the east or far curb line of 40th Street, having crossed the 40th Street car track his car was hit in the rear on the right-hand side by defendant's truck and almost completely turned around close to the north curb; at the time of the collision he was going about 15 or 16 miles an hour. Plaintiff was corroborated by a Mr. Moore who was standing near the southwest corner of 40th Street and Powelton Avenue at the time of the accident.

At the conclusion of the testimony, defendant asked for finding in its favor. The trial judge found in favor of plaintiff. Motion ex parte defendant for judgment n. o. v. was overruled in an opinion by WALSH, J. The assignment of error is to the refusal to enter judgment in favor of defendant. In the consideration of this motion plaintiff is entitled to every inference in his favor from the testimony.

The trial judge in the opinion filed states that: "...... having carefully observed the conduct and demeanor of the several witnesses during this line of testifying and carefully weighed the possibility and probability of their testimony, concluded, free from caprice, that the plaintiff had made out a case, and consequently found, as a question of fact, in favor of the plaintiff."

The finding by a trial judge, sitting without a jury, if sustained by legally competent testimony, is en-

titled to the same weight as the verdict of a jury.

The sole question in the case was whether or not plaintiff was guilty of contributory negligence. Under the testimony it would have been error for the court to have declared, as a matter of law, that plaintiff was contributorily negligent. In this case it was the duty of the trial judge to pass upon the question, and we are of the opinion that his finding is amply sustained by the evidence.

In Keystone Lead Co. v. Frechie, 94 Pa. Superior Ct. 395, the evidence disclosed that the collision occurred late at night. When the plaintiff's driver reached the curb-line of the intersecting street he saw the defendant's automobile approaching from his right about 80 or 100 feet away. He continued to cross the intersection at about 15 miles per hour, and was struck by the defendant's car before he had completed the crossing. The disinterested witness for the plaintiff fixed the defendant's speed at 40 or 45 miles per hour. The court held that under these circumstances the question of the contributory negligence of the plaintiff was for the jury to decide. This court said on page 397, in an opinion by our Brother KELLER: "It was late at night and difficult, in consequence, to judge of the speed of an approaching car visible only by its lights. Its speed was not so apparent to plaintiff's driver as to require the court to hold as a matter of law that he was guilty of contributory negligence in attempting to cross a street twenty or twenty-two feet wide in front of a car eighty to a hundred feet away; and when once committed to the crossing, he could not be held negligent as a matter of law for proceeding ahead."

In Barton v. Franklin, 309 Pa. 243, 163 A. 521, the plaintiff was on the left and was only 15 or 20 feet from the intersection when the defendant's automobile on the right was at least 150 feet away. The plain-

tiff continued to the near side of the intersection and observed the automobile 125 feet away. He then proceeded half way across the street and saw the defendant's automobile 50 feet away. The plaintiff continued crossing and was struck at the right rear. The court held, page 246: "A driver on the left need not give way to a driver on the right at the intersection of public streets if he, the driver on the left, reaches the intersection so far in advance of the other as seemingly to him in the exercise of reasonably sound judgment to afford him sufficient time at the rate of speed at which he is traveling to clear the crossing before the driver on the right at the rate of speed at which he is traveling will apparently reach it. ...... Under the facts of the case before us the questions of the negligence of the defendant and plaintiff, respectively, were for the jury." See also McGuire v. Brambilla, 112 Pa. Superior Ct. 145, 170 A. 332.

The assignments of error are overruled and judgment affirmed.