Hummel v. Quaker City Cabs, Inc., Appellant.
Marciano v. Quaker City Cabs, Inc., Appellant.

528

Argued October 10, 1935.

Before KELLER, P. J., BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John A. M. McCarthy,* with him *Bernard J. O'Connell,* for appellant.

*Robert F. Bogatin,* with him *Edward Rudnick,* for appellees.

OPINION BY JAMES, J., January 31, 1936:

These two appeals, growing out of the same accident and involving the same question, were argued together and will be disposed of in one opinion.

·Joseph Marciano, owner, and Thomas P. Hummel, driver of a taxicab, recovered separate verdicts for damages arising from a collision between Marciano's and defendant's taxicabs. Both cases were heard before

GLASS, J., without a jury, who found for the plaintiffs. Defendant's motions for judgment non obstante veredicto were refused, judgments entered on the verdicts, and these appeals followed.

The sole question is the contributory negligence of Hummel, and in passing on this question, the testimony should not only be read in the light most advantageous to the plaintiffs, all conflicts therein being resolved in their favor, but they must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence: Guilinger v. P. R. R. Co., 304 Pa. 140, 155 A. 293. Viewed in that light the jury may have found the following facts: On March 26, 1934, about 4:30 A. M., Hummel was driving a taxicab eastwardly on Powelton Avenue towards 40th Street in Philadelphia in a line seven feet north of the south curbline. Powelton Avenue is 44 feet wide from curb to curb, and has an 18-foot sidewalk on the south side. Fortieth Street is 34 feet wide from curb to curb, has a 13-foot sidewalk on the west side and is a one-way street, traffic travelling south. A single street car track occupies the center of 40th Street. When Hummel, who had been driving at about twenty miles per hour, reached a point ten feet west of the building line he looked to his left, from which direction traffic would come, saw no traffic and continued to the building line, looked to the right and saw defendant's car without lights in the car tracks at a point 145 feet away, approaching at about twenty to twenty-five miles per hour. When he was at the west curb he came almost to a stop, shifted from high to low gear, saw the defendant's taxicab about 95 feet away, proceeded to cross the street between eight and nine miles per hour and when the front wheels of his cab reached the first rail of the street car tracks, he looked again, saw defendant's automobile almost upon him, swerved to the left north on 40th Street, and almost

immediately his cab was struck near the center of its right side. Defendant's cab crossed the intersection and was stopped on the lawn of the property at the northeast corner of Powelton Avenue and 40th Street.

Under these facts, we cannot conclude that Hummel was guilty of contributory negligence as matter of law. As he approached 40th Street he looked to the left from which direction he ordinarily would expect traffic; when he reached the building line made his observation on the right, put on his brakes, changed his gears at the curb, and when he left the curbline defendant's automobile was 95 feet away travelling at a rate of twenty to twenty-five miles per hour. In order to reach the center of the intersection plaintiff's taxicab had only to travel 17 feet, while defendant's car had to travel 95 feet. If the distance of 95 feet was correct, it is quite likely that Hummel was mistaken as to the rate of speed of defendant's taxicab; but when we consider that it was still dark and defendant's taxicab was being driven without lights, it was difficult for Hummel to correctly judge the speed of the car. If his judgment as to the speed was correct, he undoubtedly had sufficient time to cross over; but clearly the speed was not so apparent especially when we consider that defendant's cab was being driven against traffic, as to charge Hummel with negligence as a matter of law. Under these circumstances, Hummel had the right to assume, when he reached the intersection so far in advance, that defendant's car would yield the crossing to him: Keystone Lead Co. v. Frechie, 94 Pa. Superior Ct. 395; McGuire v. Brambilla, 112 Pa. Superior Ct. 145, 170 A. 332.

Judgments affirmed.