Federman et ux. *v.* O'Connor, Appellant.

Argued November 21, 1934.

Before TREXLER, P. J.,
KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER
and JAMES, JJ.

*Henry A. Frye,* for appellant.

*Maurice S. Levy,* and with him *David S. Malis,* for appellee.

Opinion by Parker, J., April 15, 1935:

The plaintiffs, Herman Federman and Henrietta Federman, husband and wife, have judgments against the defendant in an action for injuries suffered by the wife as a result of a collision of automobiles at a street intersection. The appellant has assigned as error the refusal of his motion for judgment n. o. v., and contends that the court below should have held the plaintiff guilty of contributory negligence as a matter of law. As the plaintiffs have verdicts, we will review the evidence and all reasonable inferences to be drawn therefrom in a light most favorable to the plaintiffs.

Herman Federman was driving his car westward on Lancaster Avenue approaching 59th Street in the city of Philadelphia on December 19, 1925, at about 8 P. M., with his wife and a small daughter in the rear seat. It was dark at the time, the night was clear and dry, and the headlights of plaintiff's car were lighted. Lancaster Avenue is about one hundred feet wide and 59th Street, into which plaintiff intended to turn, is seventy-five or eighty feet in width between curbs. When plaintiff was about to turn, he stopped in the middle of Lancaster Avenue and allowed a car to pass him from the rear and another car to pass from the west, signalling to the last car to go by. He then saw another car coming from the west on Lancaster Avenue one hundred fifty or two hundred feet away. He described what occurred as follows: "I put it [the car] in first gear to start to turn and I only moved a few feet but he was coming so quick I was afraid to take a chance to try to turn into 59th Street and I stopped to give him a chance

to pass either way, he could pass in front of me or back of me. But he did not—I don't know whether he was not looking or not, but he run right into the front of my car," etc. As plaintiff moved the few feet from the first standing position, he noticed the defendant was traveling fifty or fifty-five miles an hour, whereupon he brought his car to an immediate stop. At that time his car was about the middle of 59th Street at an angle and in such a position that there was a space of at least thirty feet between the front of his car and the south curb of Lancaster Avenue.

It is apparent that plaintiff was south of the center line of Lancaster Avenue when the collision occurred, and when he turned toward 59th Street defendant was on his right. Appellant therefore contends that the plaintiff convicted himself of contributory negligence as a matter of law by reason of the fact that he entered the side of the street where the defendant was approaching at the rate of fifty or fifty-five miles an hour. In determining the question at issue, it is necessary to consider two phases of the conduct of plaintiff. Was he justified in making a start to cross 59th Street, and did he use due care after he started?

Even though defendant was on plaintiff's right, the plaintiff did not need to give way to defendant if plaintiff was "so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision": Weber v. Greenebaum, 270 Pa. 382, 385, 113 A. 413; Lochetta v. Cunningham Cab Co., 98 Pa. Superior Ct. 4, 6. The situation presented here is not precisely the same as where cars approach an intersection from different streets as in the cases last cited, for it more nearly resembles that arising where one of two cars has stopped in obedience to a sign and then wishes to proceed. When plaintiff moved from his first standing position the

defendant was one hundred fifty to two hundred feet away. "Everyone to whom a duty is due has a right to assume that it will be performed. He may go on the assumption that all precautions required by statute or established rule or custom will be taken:" Adams v. Gardiner, 306 Pa. 576, 583, 160 A. 589; Barton v. Franklin, 309 Pa. 243, 246, 163 A. 521. This statement, of course, is subject to the well established rule that one may not proceed in the face of obvious danger and not be guilty of contributory negligence, even though he has the right of way. Plaintiff, however, reached the intersection first and had the right to assume that a car one hundred fifty or two hundred feet away would yield the crossing to him, subject to the general rule that he must not test an obvious danger. Much of appellant's argument is based on the assumption that plaintiff drove into the path of a car that was approaching the intersection at a rate of fifty or fifty-five miles an hour. That was a legitimate argument to the jury if the evidence were viewed in a light favorable to the defendant; but the evidence was capable of a different interpretation, to wit, that it was not until plaintiff was moving forward a few feet that the rate of speed of defendant's car was apparent or it appeared that the defendant was not going to yield the right of way to plaintiffs, as he should have done. Verdicts have been sustained where the defendant was on the right and one hundred twenty-five feet from the intersection (Barton v. Franklin, supra), one hundred feet away (Redmond v. Koons, 97 Pa. Superior Ct. 229), and one hundred thirty feet away (McGuire v. Brambilla, 112 Pa. Superior Ct. 145, 170 A. 332). It must be borne in mind, however, that the safe distances may vary with the circumstances of the particular case.

It was the duty of the plaintiff in advancing to proceed with caution at the intersection regardless of who

had the right of way. Considering this aspect of the case, we find that the plaintiff waited for two cars to pass and then proceeded in low gear with caution, for he again looked and seeing defendant approaching at a reckless speed, brought his car to a stop in a position where, if the defendant had used the slightest care, the accident would have been avoided, for the defendant had a space of thirty feet in which to pass,—a sufficient space to accommodate at least three lines of traffic. It was after dark and plaintiff gave evidence of his decision to make the turn by placing his car in a position where the headlights were turned toward 59th Street. The plaintiff could not give his undivided attention to defendant's car for he was called upon to be on the watch for other vehicles and pedestrians that might be using the crossing.

Cars move rapidly upon improved highways and frequently are travelling in four directions at the same time at intersections. These movements at intersections have prompted the rule requiring each user of a highway to approach such intersection with his car under control. The plaintiff by turning his car indicated his intention to proceed first as he believed he had a right to do. At the same time he proceeded with caution, if we accept his version of the facts.

Plaintiff, in the exercise of due caution, was not required to postpone advancing indefinitely. Otherwise, situations would frequently occur when traffic is heavy where progress in one direction would be halted with consequent confusion. The questions of contributory negligence upon the part of the plaintiff and defendant's negligence were for the jury to determine and not for the court.

Judgment affirmed.