## Malloy et al., Appellants, *v.* Castle Shannon Borough et al.

Argued March 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellants.

*Thomas Lewis Jones,* for appellee, was not heard.

*William A. Challener* and *William A. Challener, Jr.,* of *Challener & Challener,* for appellee, additional defendant.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, April 13, 1942:

The wife plaintiff, carrying her seven months' old baby in her arms, walking on the sidewalk of a street in defendant borough, stepped into a depression or hole in

the pavement, fell and was injured. She and her husband brought action against the borough to recover damages for her injuries. The jury which heard the case disagreed. The court entered judgment for defendants (an additional defendant having been brought in) on the ground of contributory negligence, and from this ruling plaintiffs appeal.

Recounting the incidents connected with her fall, plaintiff said that, as she was walking along the street, in the afternoon of a clear day, carrying the baby on her left arm, protecting its back with her right, "I tripped on the curb and I fell." She ascribed the fall to "the sunken hole right next to the curb." She described the hole, from observation after she arose, as being two inches from the curb and being about three feet long. She said she noticed "part of the broken sidewalk" as she approached, but "didn't see the hole." She gave, as the excuse for not seeing it, that "the baby was obstructing my view." She admitted that she "could move her and look down", that if she had not had the baby in her arms she would "have been able to see it [the hole] clearly", and further, that there was room on the sidewalk for her to have proceeded without stepping in the hole.

Under the facts as plaintiff depicted them, the court properly determined she was guilty of contributory negligence as a matter of law: *Allshouse v. Wilkinsburg Borough,* 343 Pa. 323, 22 A. 2d 756; *White v. Harrisburg,* 342 Pa. 556, 20 A. 2d 751; *Lautenbacher v. Philadelphia,* 217 Pa. 318, 66 A. 549. In the latter case, the injured person was carrying a lounge and stepped into a hole in the sidewalk. We said (p. 319): "By carrying the couch in the way she did, the appellant voluntarily impeded her view and disabled herself from the proper performance of her duty to look where she was going." Here, by carrying the child in the way she did, plaintiff likewise impeded her view and disabled herself from seeing where she was stepping.

Judgment affirmed.