**NICOLLS v. SCRANTON CLUB.**

No. 4186.

United States District Court,
M. D. Pennsylvania.

March 10, 1953.

torily negligent as a matter of law. Plaintiff now moves for a new trial.

In passing upon plaintiff's motion for a new trial, it is the duty of the Court to consider the testimony in a light most advantageous to the plaintiff. All conflicts therein must be resolved in the plaintiff's favor, and the plaintiff must be given the benefit of every fact and inference of fact pertaining to the issue involved which may be reasonably deduced from the evidence. Van Sant v. American Express Co., 3 Cir., 1948, 169 F.2d 355. So viewed, the evidence establishes the following.

The defendant, the Scranton Club, maintains a club house in Scranton. The Scranton Lace Co. had arranged for use of defendant's premises for a dinner party on the evening of June 29, 1951. In connection with this party, the Scranton Lace Co. had engaged plaintiff, a professional magician, to entertain at the party. On the evening in question, plaintiff and his wife arrived in Scranton about 6:30 p. m. by automobile, which they parked in a lot in the rear of defendant's premises. The parking lot in the rear of the club house is at a lower level than the main floor, so that the entrance from the parking lot is into the basement of the building. Plaintiff carried the equipment for his performance through the basement and on up to the second floor where he was to entertain.

After the performance that evening, plaintiff packed his equipment in two army-type foot lockers or trunks. About 11:15 p. m., plaintiff descended the stairs from the second floor to the main lobby carrying one of these trunks. The trunk was about 2½ or 3 feet long, 18 or 20 inches wide, and about 1½ feet high, with carrying straps on each end. When he got down to the main lobby, the desk clerk called a bell boy and told him to help plaintiff with the trunk. Thereupon the bell boy and plaintiff, each carrying one end of the trunk, with the bell boy leading, went down the stairs leading to the lower lobby in the basement. After descending the steps they walked toward the door which opens into a passageway leading to the parking lot. As they approached the door, plaintiff fell

Carlon M. O'Malley and John W. Bour, Scranton, Pa., Nathan & Nathan, New York City, for plaintiff.

Edward W. Warren and Walter L. Hill, Jr. (of O'Malley, Harris, Harris & Warren), Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action for personal injuries sustained by the plaintiff when he fell while on defendant's premises as an invitee. The case was tried before a jury and at the close of the trial the Court directed a verdict for the defendant on the ground that the plaintiff had failed to show any negligence on the part of the defendant, and also because plaintiff was contribu-

and sustained the injuries complained of. Plaintiff testified that his foot hit an obstruction, but that he did not know what it was until he started to get up, when he found a rubber mat tangled up in his feet.

Plaintiff's wife testified that she was following plaintiff and the bell boy as they carried the trunk down the stairs, but when they reached the bottom of the stairs she walked around them and waited for them to go through the door. She noticed that a rubber mat just inside the door leading to the passageway was "bulgy", that the bulge was 5 or 6 inches high, that the bell boy stepped over it, but before she had a chance to warn her husband, his foot got caught in the mat and he fell.

The mat was introduced in evidence. It was of rubber composition and about 5 feet long and 2 feet wide. At the time of the accident and until the trial, it was on a carpet just inside the door leading to the basement passageway. The mat was not torn; the edges of the mat were not in a curled up condition; nor was there any other apparent structural defect. The plaintiff had walked over the mat earlier in the evening when he carried in his equipment for the performance.

I. Plaintiff Failed to Establish any Negligence on the Part of the Defendant.

 Federal jurisdiction here is on the basis of diversity of citizenship and so the law of Pennsylvania controls. The plaintiff was lawfully on defendant's premises as an invitee, and defendant owed the plaintiff the duty of reasonable care for his protection and safety, but it was not an insurer of plaintiff's safety against injury. Miller v. Hickey, 1951, 368 Pa. 317, 81 A.2d 910. It was necessary for the plaintiff to show a dangerous condition which was a foreseeable risk of harm to the plaintiff, and that defendant had actual or constructive knowledge of the dangerous condition a sufficient length of time before the accident happened to have enabled defendant to correct it. Johnson v. Rulon, 1950, 363 Pa. 585, 70 A.2d 325; Leeds v. Sun-Ray Drug Co., 3 Cir., 1949, 173 F.2d 666.

█ The evidence presented by the plaintiff, giving it every reasonable inference, is that defendant had a rubber mat on a carpet in the lower lobby of its club. The mat was in a good structural condition, but at the time of the accident had a bulge in it 5 or 6 inches high. It is clear that the mere use of the mat without being securely fastened to the floor is not evidence of negligence: Gibbons v. Harris Amusement Co., 109 Pa.Super. 484, 167 A. 250; nor is the bulge itself any evidence of negligence unless it can be shown that it existed for a sufficient length of time to put defendant on notice so that defendant could in the exercise of reasonable care have straightened the mat.

 In order to establish a dangerous condition and notice thereof, plaintiff relies on the bulge in the mat and plaintiff's testimony that the bell boy made the following statement immediately after the accident, "I knew somebody was going to get hurt"; "I told them about that". Plaintiff's wife also testified that she heard the bell boy say, "I knew someone was going to get hurt here someday"; "I told them about it". Since the bell boy's statement does not describe the physical facts from which the jury could find a previously existing dangerous condition, the statement is of no evidential value. The statement "I knew somebody was going to get hurt" was a mere expression of opinion, and the Court could not permit the jury to infer from such a statement that a dangerous condition previously existed.

█ In support of his position, plaintiff cites Leeds v. Sun-Ray Drug Co., 173 F. 2d 666, 667, supra, but the facts in that case are readily distinguishable from those now before the Court. Plaintiff was in defendant's drug store and fell while walking down the stairs from the first floor to the basement. After her fall she discovered that her clothing was well covered on one side with a greasy substance. As she sat recovering from her fall, a supervisory employee sent two other employees to clean up the steps with rags, and was heard to say, "It should have been attended to long ago." The grease was wiped up in plain-

tiff's presence. The court held that plaintiff's fall and the grease on the stairs permitted the conclusion that the grease constituted a dangerous condition and that defendant's knowledge of the same could be inferred from the conduct and statement of its employees, who immediately proceeded to wipe up the grease. In the present case, plaintiff has failed to show that the mat was defective or that it had any tendency to bulge. All that exists is plaintiff's wife's statement that she saw a bulge in the mat before plaintiff fell. Before any inference of notice of a dangerous condition can be drawn, there must first be proof that a dangerous condition previously existed. There was such proof in the Leeds case; there is not in the present case.

The plaintiff further contends that even though plaintiff had not shown an existing dangerous condition of which defendant had notice, nevertheless, the bell boy owed the plaintiff a duty to warn him of the bulge in the mat, and in failing to do so, defendant was liable under the doctrine of respondeat superior.

Plaintiff cites several cases to support his contention but they are not controlling. In Christman v. Segal, 1941, 143 Pa.Super. 87, 17 A.2d 676, plaintiff was being directed by a clerk in defendant's store to a toilet room. As they approached the room, the door opened and a boy carrying an ironing board stepped out. To avoid him, plaintiff stepped back and fell through an open trap door leading into the basement. The court held that the open trap door was sufficient to carry the case to the jury on the defendant's negligence; in other words, there was a dangerous condition present. The court in the opinion does not discuss defendant's notice of the condition. In another trap door case, Johnson v. Rulon, 363 Pa. 585, 70 A.2d 325, 327, supra, the Supreme Court of Pennsylvania pointed out the need for such notice, but found constructive notice of the same, stating, "The mere existence of a trap door in a floor intended to be trodden by business invitees was, of itself, sufficient to charge the owner of the business with knowledge of the potential danger inherent in even an occasional use of the trap door during business hours."

In the instant case there was no evidence of an inherently dangerous condition, but merely a bulge in a mat, with no evidence that the mat had a tendency to wrinkle or bulge. The bulge in the mat was not sufficient to carry the question of defendant's negligence to the jury, nor was there sufficient evidence to permit an inference that defendant had actual or constructive notice of a dangerous condition.

In Gallis v. Utan, 45 Lack.Jur., Pa., 141, there was also an admittedly dangerous condition present, to wit, a hole in the floor of defendant's store. The case merely holds that constructive notice of the dangerous condition is not necessary when it is something other than a foreign substance and the plaintiff is being guided by one of defendant's officers.[1]

In Clark v. Glosser Brothers Dept. Stores, Inc., 1944, 156 Pa.Super. 193, 39 A.2d 733, tapes holding packages of towels, sheets, etc. were thrown to the floor by defendant's employees, or reasonable precautions were not taken to prevent them from falling to the floor. Plaintiff was a customer in defendant's store and tripped and fell over the tapes. The court pointed out that constructive notice of the condition by defendant was unimportant, because there was direct negligence on the part of the employees in throwing the tapes on the floor or in not taking precautions to prevent them from falling to the floor. In the instant case, there is no evidence that the bell boy created the bulge, but defendant argues that the bell boy was negligent in not giving notice to the plaintiff that a bulge existed. Plaintiff would have the jury infer that since the bell boy stepped over it he must have seen it, and hence was negligent in not giving warning to the plaintiff. First of all, there is no evidence

1. But see Miller v. Hickey, 368 Pa. 317, 81 A.2d 910, supra; Johnson v. Rulon, 363 Pa. 585, 70 A.2d 325, supra; and Truby & Truby v. Nolan, 86 Pa.Super. 270 on necessity of actual or constructive notice in all cases.

that the bell boy saw the bulge; he testified that he did not see it. Secondly, if he did see it there is nothing to show that he saw it in time to warn the plaintiff. Plaintiff's wife said she saw the bulge but did not see it in time to warn her husband. It would have been error to permit the jury to speculate as to whether the bell boy saw the bulge, and saw it in time to warn the plaintiff. The essential element of knowledge on the part of the employee is not present here, and a duty to warn of a danger cannot exist in the absence of such knowledge. There was no evidence of negligence to submit to the jury.

## II. The Plaintiff was Guilty of Contributory Negligence as a Matter of Law.

 Aside from the failure to establish any negligent conduct on the part of the defendant, under the law of Pennsylvania plaintiff was also guilty of contributory negligence as a matter of law.

 The law requires that a person be observant of where and how he is going so as to avoid dangers which ordinary prudence would disclose. Lerner v. City of Philadelphia, 1908, 221 Pa. 294, 70 A. 755, 21 L.R.A.,N.S., 614. If he does not use the senses which are available to him to discover a dangerous condition, he may be declared guilty of contributory negligence as a matter of law. Bartek v. Grossman, 1947, 356 Pa. 522, 52 A.2d 209.

Plaintiff's counsel argue that the trunk blocked plaintiff's vision and that he relied on the bell boy to guide him safely. Plaintiff, however, did not testify that he could not see where he was going. He merely testified that as he was carrying the rear end of a trunk his foot hit an obstruction and he fell. Plaintiff's counsel would have the Court infer that it was impossible for him to see where he was going because of the trunk. The trunk in question was only about 36 inches long and 20 inches wide, and it is therefore difficult to understand how his vision could be completely obstructed by an object of this size. It should be noted that immediately prior to his fall, plaintiff, in descending the stairs, occupied a higher step than the bell boy and thus must have had a clear view

of the lower lobby and the mat in front of the door—at least there is nothing in the evidence to indicate otherwise. If he had looked, he would have seen a bulge in the mat which was 5 or 6 inches high.

Furthermore, if plaintiff was carrying the trunk in a manner which completely obstructed his vision, he was still guilty of contributory negligence as a matter of law.

In Malloy v. Castle Shannon Borough, 1942, 344 Pa. 469, 25 A.2d 722, a woman stepped into a hole in a sidewalk which was plainly visible, but her vision was obstructed by a baby she was carrying. It was held that plaintiff was contributorily negligent as a matter of law in voluntarily impeding her view and disabling herself from the proper performance of her duty to look where she was going.

In Lautenbacher v. Philadelphia, 1907, 217 Pa. 318, 66 A. 549, plaintiff and her sister were carrying a couch. Plaintiff's sister was on the lead end of the couch and walking backwards; plaintiff was on the other end facing her sister. Though her sister avoided a hole in the sidewalk, plaintiff stepped into it and fell. In affirming a judgment n. o. v. for the defendant, the court held that plaintiff, by carrying the couch in the way she did, voluntarily impeded her view and disabled herself from the proper performance of her duty to look where she was going and thus was guilty of contributory negligence as a matter of law.

 As to plaintiff's contention that plaintiff could rely on the bell boy to guide him safely out of the building, no individual in full possession of his sense of sight is justified in relying solely on the watchfulness of another for his own safety. Hoffner v. Bergdoll, 1933, 309 Pa. 558, 164 A. 607. The rule is just as applicable to the instant case even though the bell boy was an employee of the defendant. In Bartek v. Grossman, 356 Pa. 522, 52 A.2d 209, supra, plaintiff was interested in renting defendant's vacant store, and went to inspect the premises with defendant's agent. Plaintiff entered the premises under the agent's guidance and while he fol-

lowed him from a lighted room into a dark room, he fell into an open trapdoor. The court found plaintiff guilty of contributory negligence as a matter of law, pointing out that plaintiff refused to avail himself of his senses and in blind confidence followed the agent who was ahead of him. The court held that plaintiff could not delegate his own duty to exercise due care and that if he did he was guilty of contributory negligence.

For the reasons set forth in this opinion I conclude that the plaintiff failed to establish negligence on the part of the defendant, that the plaintiff was guilty of contributory negligence as a matter of law, and that the direction of a verdict for the defendant was proper.

An appropriate order denying plaintiff's motion for a new trial will be filed forthwith.