## Teubel, Appellant, *v.* Aronowitz.

Argued March 16, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*John Galbally,* for appellant.

*Herbert A. Barton,* with him *Ward C. Henry* and *Swartz, Campbell & Henry,* for appellee.

OPINION BY HIRT, J., July 14, 1953:

As a result of a collision in the intersection of two streets in Philadelphia plaintiff's car was damaged when struck by a car driven by defendant. In this trespass action brought by plaintiff to recover the cost of repairing the damage to his car, the jury found for the defendant, and the lower court entered judgment on the verdict. Plaintiff seeks a new trial.

In his charge to the jury the trial judge said: "It is . . . incumbent upon the plaintiff to prove, first, that he was free of negligence and, secondly, that the defendant was guilty of negligence . . ."; and again: "I repeat, the plaintiff, in order to entitle him to recover, must convince you by a fair preponderance of the credible evidence that he was free of contributory negligence and that the defendant was guilty of negligence". Plaintiff's counsel specifically excepted to the charge in the above respects. At this late day the error is not even debatable. Contributory negligence is an affirmative defense and the burden of proving it is on the defendant; no more is required of a plaintiff than to present a case clear of contributory negligence on his part. *Straus v. Rahn,* 319 Pa. 93, 179 A. 445. A plaintiff, to recover, is not required to disprove contributory negligence, but only to make out a case which does not conclusively disclose its existence. *Grimes et al. v. Yellow Cab Co. et al.,* 344 Pa. 298, 25 A. 2d 294. A plaintiff need not prove negatively that he was not

310

guilty of negligence. *Bowman et al. v. Stouman,* 292 Pa. 293, 141 A. 41; *Hepler, Admrx. v. Hammond,* 363 Pa. 355, 69 A. 2d 95.

The opinion of the court in refusing a new trial did not attempt to avoid the effect of reversible error in the above instructions of the trial judge on the ground that the defendant, though negligent, was nevertheless entitled to binding instructions in his favor. Cf. *Fornelli v. Penna. R. R. Co.,* 309 Pa. 365, 164 A. 54. On the contrary the opinion attempted to justify the instructions and not to avoid the error as harmless. The lower court in its final disposition of the case did not treat the question of contributory negligence as one of law but conceded that the issues were for the jury although stating: "It is a very close question in this case as to whether the plaintiff is guilty of contributory negligence as a matter of law". In our view of the situation as disclosed by the meagre record in this case the facts and inferences from them on the question of plaintiff's contributory negligence are not free from doubt. Cf. *Coolbroth v. Penna. R. R. Co.,* 209 Pa. 433, 58 A. 808; *Federman et ux. v. O'Connor,* 117 Pa. Superior Ct. 295, 178 A. 155; the plaintiff therefore is entitled to have his case submitted to a jury on proper instructions.

Order reversed with a venire.