### NICOLLS v. SCRANTON CLUB
### No. 11063.

United States Court of Appeals Third Circuit.

Argued Nov. 5, 1953.

Decided Jan. 5, 1954.

David Berger, Philadelphia, Pa. (Leon H. Kline, Philadelphia, Pa., Carlon O'Malley, John W. Bour, Scranton, Pa., on the brief), for appellant.

Walter L. Hill, Scranton, Pa. (Edward W. Warren, Richard H. Warren, Walter L. Hill, Jr., of O'Malley, Harris, Warren & Hill, Scranton, Pa., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

■ The question on this appeal is whether the District Court erred in directing a verdict for the defendant on the issues of defendant's negligence and plaintiff's contributory negligence. The jurisdictional basis of the action is diversity of citizenship and amount. Accordingly, since all the operative facts occurred in Pennsylvania, the law of that state is determinative.

■ Viewed, as necessary, in the light most favorable to the plaintiff, the evidence is as follows: The plaintiff is a professional entertainer: a magician. On June 29, 1951, he filled a professional engagement on the defendant's clubhouse premises, which also contains rooms for hire. Upon the completion of his performance, the plaintiff packed some of his equipment in a footlocker about two and one-half to three feet long, eighteen to twenty inches wide and one and one-half feet high. Using the straps at each end, he carried the footlocker from the second floor of the clubhouse, where he had rendered his performance, down to the main lobby. His destination was his automobile, which he had parked in a space at the back of the clubhouse, on a level with the basement. As the plaintiff reached the main lobby, the defendant's assistant manager observed that the locker was too heavy for the plaintiff, and he instructed a bellhop to assist the plaintiff and to take him out the back way, through the basement. The bellhop took hold of the forward end of the locker, and the plaintiff the rear, and then the bellhop proceeded to lead the plaintiff from the main lobby down a set of stairs to the basement. The plaintiff's wife followed. Upon reaching the basement small lobby, they turned left to walk through a door which opened into a passageway leading to the parking lot. Just inside this door there was a "bulgy" rubber mat. The bellhop stepped over the bulge, which was about five or six inches high, but the plaintiff tripped and fell, sustaining the injuries complained of in this action. The plaintiff's wife saw the bulge in the mat too late to warn him, nor did the bellhop warn him. As the bellhop pulled the mat from between the plaintiff's feet, he declared, "I knew somebody was going to get hurt", and "I told them about that." It was the bellhop's specifically assigned duty to see that the mat was "in good condition to walk over", and

whenever he saw that it was not, he straightened it out.

The District Court, 111 F.Supp. 145, determined (1) that the bulge in the mat was not sufficient to carry the issue of negligence to the jury; (2) there was not sufficient evidence that the defendant had actual or constructive notice of the condition of the mat and (3) the plaintiff was guilty of contributory negligence as a matter of law, for if he had looked he would have seen; he was not excused if he carried the locker in such a way as to completely block his view, nor was he justified in relying solely on the leadership of the bellboy.

■ The legal principles applicable are as follows. Since the plaintiff was a business visitor, the defendant was under a duty to have the premises in order for his reasonable safety. It was required to have a superior knowledge of the condition of the premises, and was under a duty to warn the plaintiff of its hazards. The plaintiff was entitled to assume that the defendant had discharged its affirmative duties to him. Johnson v. Rulon, 1950, 363 Pa. 585, 588, 590, 70 A.2d 325; Kulka v. Nemirovsky, 1934, 314 Pa. 134, 139, 170 A. 261; Wood v. Lit Brothers, 1953, 173 Pa.Super. 4, 6, 94 A.2d 69. Moreover, the plaintiff is not required to disprove contributory negligence, but need only make out a case which does not conclusively establish its existence. Grimes v. Yellow Cab Co., 1942, 344 Pa. 298, 305, 25 A.2d 294; Teubel v. Aronowitz, 1953, 173 Pa.Super. 308, 309, 98 A.2d 413. As stated in the latter case, the plaintiff has a right to reach the jury where the facts and the inferences therefrom, as they most favor the plaintiff, are not free from doubt. Indeed, this Court has said, with respect to the Pennsylvania law, that judgment may not be entered as a matter of law against the plaintiff on the issue of contributory negligence unless the evidence is "so clear and unmistakable that no reasonable basis remains for an inference to the contrary." Downey v. Union Paving Co., 3 Cir., 1949, 184 F.2d 481, 483.

It is our opinion that the plaintiff was entitled to have the jury decide the case.

■ The plaintiff had a right to do what he was doing, and we cannot say that he was going about it in a patently unreasonable manner. He had a right to rely on the assumption that the way was reasonably safe for those who might be carrying luggage, and whose view might be obstructed and their attention diverted thereby. He had a right, particularly in the circumstances related, to place some degree of reliance on the bellhop, and to assume that he would be warned not only of those hazards which the bellhop saw or should have seen, but also of those which he knew, or had reason to believe, existed.

■ It is the function of the jury to determine the weight to be given to the elements of the evidence which make up the case. Thus, we cannot declare as a matter of law, that the footlocker was too small to constitute an obstruction to the plaintiff's view. Nor can we go to the opposite extreme to hold that unless it was large enough to constitute a complete obstruction, it is irrelevant. We cannot declare as a matter of law that the plaintiff was unreasonably concerned with the job of moving the locker, nor that he should not, in the circumstances, have placed any reliance upon the bellhop and his superior knowledge of the premises. Moreover, in view of the direction by the assistant manager that the plaintiff proceed by a particular route with the assistance of the bellhop, the duty of the latter with respect to the particular mat here involved, and his prior experience with it, we cannot declare as a matter of law that there was no negligence on the part of the bellhop in failing to warn the plaintiff of the mat and the bulge, or in his failing to see the bulge. This is especially true in light of the particular operation, where a jury might reasonably conclude that the plaintiff was acting under conditions which would interfere with his vision and attention.

The jury must fit into a single picture the rights and duties of the parties, the

size of the locker, the way it was handled, the course traversed, and the relation of the bellhop to the plaintiff. It must adjudge the help expectable from the bellhop, and the extent of the reliance which the plaintiff was entitled to place upon him, weighing the facts that he was leading the plaintiff and that he was assigned to assist him together with the knowledge and duties of the bellhop with respect to the premises and the mat involved.

There are, of course, numerous decisions of the Pennsylvania courts dealing with the failure to observe, the carrying of objects, and the following by one person of another. That parties have been successful in discovering authority for their respective viewpoints is a testimonial to the truth, that the decisions must be read in the context of their factual bases. It would be useless, indeed indefensible, to attempt to weigh the wide combination of factors which led to the particular decisions. Compare, Johnson v. Rulon, supra; Kmiotek v. Anast, 1944, 350 Pa. 593, 39 A.2d 923; Malloy v. Castle Shannon Borough, 1935, 344 Pa. 469, 25 A.2d 722; Mullin v. Welsbach Street Light Co., 1935, 318 Pa. 552, 179 A. 71; Lautenbacher v. Philadelphia, 1907, 217 Pa. 318, 66 A. 549; Reid v. Linck, 1903, 206 Pa. 109, 55 A. 849; Rementer v. Philadelphia, 1909, 41 Pa.Super. 354.

The mere fact that a plaintiff was engaged in carrying something does not necessarily mean that he was negligent, even though it interferes to some extent with his vision. Markman v. Fred P. Bell Stores Co., 1926, 285 Pa. 378, 384, 132 A. 178, 43 A.L.R. 862, and, as there stated, more watchfulness is demanded of one traveling on a highway than in a passageway of a store (or a clubhouse-hotel, as here). The test is one of reasonable prudence in the circumstances. So also, the mere fact that the plaintiff was being led does not necessarily mean that he was blindly reliant.

The evidence shows a particular set of circumstances, which, in our opinion, differentiates this case from the extreme which justifies a directed verdict. It is enough to take the case to the jury on the issue of contributory negligence that the sum of the evidence raises reasonable doubt, for it is the jury's province to decide that doubt. It is for the jury to determine, having all of the facts before it, whether the plaintiff should have seen the obstruction, or whether he acted reasonably, considering what was being done.

Again, on the issue of defendant's negligence, we think there was a jury question. Having directed the plaintiff's course, instructed the bellhop to assist him; and the bellhop having undertaken to do the leading and being charged with the specific duty to look after the very mat over which the plaintiff tripped, for apparently the very thing which caused him to trip, it is an issue to be resolved by the jury whether the bellhop was as careful as he should have been, and whether a warning should have been given.

For the reasons stated, the judgment of the District Court will be reversed, and the cause remanded for further proceedings not inconsistent herewith.