## Commonwealth v. De Stefano

Before Marshall, Duff, and Weiss, JJ.

*Edgar J. Cooke*, for plaintiff.

*Edward A. Heights*, for garnishee.

WEISS, J., March 22, 1954.—During the period August 7, 1947, to May 20, 1953, the Department of Public Assistance paid the sum of $2,658.10 to Aniello De Stefano as public assistance upon proper application therefor by him. No judgment for any amount was ever entered against Aniello De Stefano by the department at any time.

Mr. De Stefano is a man aged 74 years, with extremely limited education, and unable to speak, read or write the English language. He has not worked a day since the year 1936 and had been aided during the period 1936 to 1953 by his son, Charles De Stefano, by way of money, food, clothing, and the payment of

medical and hospital expenses. In May of 1953 Aniello De Stefano received a check in the amount of $2,890.23 from the Railroad Retirement Board for railroad retirement benefits which had accrued to him. He turned this check over to his son telling him that it was in payment for past services as mentioned above, and a reasonable sum to remain to provide a decent burial. In this regard, Charles De Stefano consulted his attorney for advice and thereafter made the proposal contained in the letter of Joseph I. Winslow, Esq., admitted in evidence at the hearing, said proposal being made to the Department of Public Assistance.

The Department of Public Assistance then caused to be issued a writ of fraudulent debtor's attachment against Aniello De Stefano, naming Joseph I. Winslow, Esq., and Charles De Stefano as garnishees, averring an oral promise or agreement to repay on the part of Aniello De Stefano and a disposition of funds by him with an intent to defraud creditors. Thereafter, defendant by proper petition was granted a rule to show cause why the fraudulent debtor's attachment should not be dissolved, alleging that there was no intent on the part of Aniello De Stefano to defraud creditors. Hearing was held on the rule before Judge Thomas Marshall, who immediately upon the conclusion of the testimony entered an order dismissing the petition to dissolve and discharging the rule. Exception thereto was duly filed and the matter placed on the argument list that now comes before this court en banc.

### Question Involved

Did Aniello De Stefano dispose of his funds with intent to defraud creditors so as to support a fraudulent debtor's attachment?

### Argument

Under the agreed facts in this proceeding, the sole question is whether petitioner, Aniello De Stefano,

disposed of funds with intent to defraud creditors.

The question arises because after the institution of the action in assumpsit by the Department of Public Assistance based on the Fraudulent Debtors Attachment Act of 1869, and after the service of the writ of attachment pursuant thereto, defendant filed a petition to dissolve said attachment under the provisions of section 6 of the Act of March 17, 1869, P. L. 8, 12 PS §2716, which provides as follows:

"In all cases in which a writ of attachment shall have issued pursuant to the foregoing provisions, it shall be lawful for the defendant to apply to the Court of Common Pleas of the proper county when in session, or to a judge thereof in vacation, to dissolve said attachment; and upon the hearing of such application, the said court, or judge thereof, in vacation, shall have power to hear evidence or determine the truth of the allegations contained in the affidavit upon which said writ issued, and to dissolve or continue the time of such attachment, according as he shall find the allegation of such affidavit sustained or otherwise."

Under this act, the pleadings and the testimony, the only question was whether or not fraud existed on the part of Aniello De Stefano; and we are in accord with defendant's argument that the merits of the action of assumpsit are not to be considered; the determination of the action on the merits should be disposed of by jury trial to which defendant is justly entitled. It is our considered opinion that the hearing judge in this case misapprehended the nature of the question before him and decided the action on the merits.

At the hearing of a *petition to dissolve* under section 8 of the Act of 1869, it has been repeatedly decided that the burden of proving the existence of the *fraudulent intent* is upon plaintiff.

In the case of Pocono Spring Water Ice Company v. American Ice Company, 214 Pa. 640, the court held

"that fraud must be affirmatively proved and it will not be presumed; the presumption of innocence must prevail."

In Lacey v. Sterling Motor Truck Company, 112 Pa. Superior Ct. 148, it was held "that the burden is on the plaintiff to sustain his averments of fraud."

The case of Stowers' Pork Packing & Provision Co. v. Shoener, 15 Dist. R. 141, is pertinent here and it provides that an intent to defraud within the Act of March 17, 1869 (the act on which the suit herein is based), *cannot be inferred from an intent to prefer a creditor.*

Even if we are to assume the *existence of a binding agreement to repay,* the only evidence produced by plaintiff to establish an intent to defraud is the disposition of the check received for railroad retirement benefits.

A reading of the record discloses that defendant is a man of limited understanding, aged 74, and *unable to speak, read or write the English language.* Further, he had quite a deal of difficulty understanding and being understood even through an interpreter.

The testimony reveals that he turned his check over to his son who sought professional advice as to its proper disposition. This son had furnished services, food, medical care, clothing for his father since 1936, which was the last year the father had been gainfully employed, and certainly should be compensated therefor to a pro rata extent. After consultation, a check in the amount of $1,000 was forwarded to the Department of Public Assistance on account of this claim, along with a letter of explanation from counsel who had been engaged by the son. This letter was introduced into evidence by plaintiff and made a part of this case.

We are in accord that the single act of turning the check over to his son does not constitute fraud, *and*

*that said act accompanied by the explanations contained in the testimony reveals not the slightest evidence of an intent to defraud creditors.*

We do not believe that plaintiff has met the burden imposed on it by law, and the attachment is therefore dissolved.

*Amended Order of Court*

Now, April 13, 1954, it is hereby ordered that the motion for judgment on the pleadings is hereby dismissed and defendant is ordered to file an answer to the complaint within 30 days.